**COMMISSIONER OF INTERNAL REVENUE v. PEARSON.**

No. 8970.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 8, 1946.

Decided March 15, 1946.

Leonard Sarner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Harold E. Kohn, of Philadelphia, Pa. (Henry D. Paxson and Bell, Murdoch, Paxson & Dilworth, all of Philadelphia, Pa., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN, and O'CONNELL, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The facts in this matter were stipulated before the Tax Court. Respondent's wife died on April 3, 1936, a resident of Pennsylvania. The residuary estate trust provided by her will named respondent, also of Pennsylvania, as the sole life beneficiary. The eighth clause of the will provided that all estate and inheritance taxes chargeable upon the estate or upon any bequest or trust under the will, be paid by the executors out of "my general estate." There was no mention in the will as to how interest on any estate or inheritance tax deficiency should be paid. In 1940 a deficiency estate tax arising out of a collateral matter of no concern here was assessed against the estate. After adjustment, interest on this of $13,609.27 together with $7.70 interest due the Commonwealth of Pennsylvania on its deficiency estate tax assessment, the two items totalling $13,616.97, was paid by the trustees. The net income of the trust for 1940, prior to the interest disbursements, was $26,537.92. Later, receipt of $111.35 income from other fiduciaries was conceded. This increased the net income to $26,-649.27. The respondent had actually received that sum but at the request of the trustees returned to them the amount of the interest they had paid. The respondent's 1940 return included in his gross income $26,537.92 as income from the trust. He claimed as a deduction the interest payments of $13,616.97 which he had refunded. The Tax Court found that the interest was properly payable by the trustees from the income of the trust and reduced by that amount the income currently distributable and taxable to the respondent.

Petitioner urges that the interest should have been paid from the corpus of the testamentary trust and therefore the income used for that purpose by the trustees was in reality that of the respondent who was taxable upon it. Pennsylvania law admittedly controls. The same problem under almost identical facts, arose in Penrose v. United States, D.C.E.D.Pa.1937, 18 F.Supp. 413. The testator in that case died in 1925 leaving his estate in trust with the income to his children. By the will, inheritance taxes were to be paid out of the principle of the residuary estate. In 1929 a deficiency estate tax carrying interest was assessed. The trustees paid the interest out of income and claimed a corresponding deduction. One of the two children, the plaintiff in the matter, likewise only charged himself with the income received by him. The Commissioner allocated his proportionate share of the interest to him as part of his income. He was assessed on this, paid it and sued for its refund. On the question of whether interest on a tax is itself a tax, Judge Maris, then sitting in the District Court, said 18 F.Supp. at page 415:

"At the outset we are confronted with the question whether the payment here involved was in fact interest or whether it was actually a part of the estate tax. It is, however, specifically described as interest in section 308(h) of the Revenue Act of 1926 [26 U.S.C.A. Int.Rev.Acts, page 246], which is the statutory provision requiring its payment, and while that section does provide that it shall be assessed at the same time as the deficiency in tax and collected as a part of the tax, we agree with the statement of the Board of Tax Appeals in Capital Building & Loan Ass'n v. Commissioner, 23 B.T.A. 848, that 'the interest on a tax is not a tax, but is something in addition to the tax.'"

Holding that interest on an indebtedness of a decedent's estate is payable out of income, Judge Maris said, 18 F.Supp. at pages 415 and 416:

"Under the law of Pennsylvania, it is well settled that interest on indebtedness of a decedent's estate or on incumbrances on property held by him is payable out of income for the life tenant and not out of principal reserved for the remaindermen. Neide's Estate, 22 Pa.Dist.R. 563; Fidelity, etc., Safe-Deposit Co. v. Dietz, 132 Pa. 36, 18 A. 1090. It must, therefore, be presumed, in the absence of an express direction in the will to pay interest on delinquent taxes out of principal, that the decedent intended the Pennsylvania rule on the subject to be applied in the administration of his estate.

"We, therefore, conclude that it was proper to pay the interest here in question out of the income of the estate rather than out of the principal which the executors had reserved for the payment of taxes. We are fortified in this conclusion by the fact that a contrary holding would be manifestly unfair to the remaindermen since delay in the payment of the tax would be entirely at their expense while the life tenants through their receipt of the income upon the principal funds reserved to pay the tax would actually benefit from the delay."

■ Petitioner contends that irrespective of whether the Penrose decision correctly represented Pennsylvania law at the particular time, the 1937 Pennsylvania Proration Statute [1] enacted after the Penrose case, governs the present situation. He construes that law as providing that interest on estate or inheritance tax deficiencies must now be paid out of corpus and not from the income of a testamentary trust. We do not think .that the language of the Act justifies this. Its manifest purpose is to provide that where there ·is no specific direction in a will, tax on both such a "temporary interest" as a life estate and on a remainder shall be charged and paid out out of the corpus of the property or fund without apportionment between remainders and temporary estates. There is no reference in the Act to interest on estate or inheritance tax. Petitioner urges that his interpretation of the proration statute is supported by Mellon's Estate, 347 Pa. 520, 32 A.2d 749, decided in 1943. There the Commissioner of Internal Revenue, having found that the testator had made gifts in contemplation of death to his wife and two children, included the value of the gifts in the federal tax assessment. The deficiency assessment on the gifts was eventually acquiesced in by all the parties. The Supreme Court held that the Orphans' Court in a proceeding under the 1937 Act had authority to prorate interest on the deficiency · assessment between the children and the estate of the widow who had meanwhile died. There is nothing inferable from the opinion to substantiate the proposition that the interest payments under such circumstances are properly chargeable to corpus. Nor do any of the other decisions cited by the petitioner touch the soundness of the Penrose opinion. That case was never appealed or overruled. We think that it correctly states the Pennsylvania law and governs the point involved. Under it the Tax Court rightly held that the interest on the deficiency tax was payable out of the trust income and not from the corpus.

■ Petitioner submits in the alternative that assuming the interest to be payable from income, the payments did not reduce the amount of income currently distributable and taxable to the respondent. He argues further that under our opinion in Commissioner v. Breyer, 3 Cir., 151 F.2d 267, the case should be remanded to the Tax Court to ascertain the amount of interest arising subsequent to the transfer of assets and properly assignable to the residuary trust. As the Tax Court observed, the testamentary trust as a taxpayer was not before it and therefore that Court did not pass upon the question of what deduction the trust would be entitled to because of the interest it had to pay as transferee. The Tax Court in its excellent opinion held that on the facts for consideration by it the only

---

[1] Section 48.1 of the Fiduciaries Act of June 7, 1917, P.L. 447, added by Section 1 of the Act of July 2, 1937, P.L. 2762, 20 Pennsylvania Purdon's Statutes, Section 844:

"(a) Whenever · it appears upon any accounting or in any appropriate action or proceeding that an executor, · administrator, temporary administrator, trustee, or other person acting in a fiduciary capacity, has paid an estate tax, levied or assessed under the provisions of the act, approved the seventh day. of May, one thousand nine hundred and twenty-seven (Pamphlet Laws, eight hundred fifty-nine), * * * or its amendments, or under any law hereafter enacted, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such· law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred, or to whom any benefit accrues. Such proration shall be made by the orphans' court in the proportion as near as may be that the value of the · property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that, in making such proration, allowances shall be made for any exemptions granted by the act imposing the tax, and for any deductions allowed by such act, for the purpose of arriving at the value of the net estate, and except that, in cases where a trust is created or other provision made whereby any person is given an interest in income or an estate for years or for life, or other temporary interest ·in any property or fund, the tax on both such temporary interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund, without apportionment between remainders and temporary estates * * *."

issue presented was how much distributable income the taxpayer had in 1940 from the testamentary trust. There is ample basis in the record for the viewpoint of the Tax Court on this phase of the matter and it must therefore be sustained. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Kelley v. Commissioner, 1946, 66 S.Ct. 299.

Affirmed.