ESTATE OF CHARLES A. BAHR, SR., DECEASED, TEXAS COMMERCE BANK NATIONAL ASSOCIATION, CO-INDEPENDENT EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5288–75.   Filed April 25, 1977.

*William C. Griffith,* for the petitioner.
*William T. Overton,* for the respondent.

---

OPINION

GOFFE, *Judge:* The Commissioner determined a deficiency in estate tax due from the Estate of Charles A. Bahr, Sr., in the amount of $476,683.09. The only issue for decision is whether interest expense incurred by petitioner on the unpaid balance of its Federal estate tax liability deferred under section 6161, I.R.C. 1954,[1] is deductible as an administration expense under section 2053(a)(2).

All of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Only those facts necessary for an understanding of our opinion will be summarized below.

Charles A. Bahr, Sr. (hereinafter decedent), died on August 23, 1971. At the time of his death, the decedent was a resident of Houston, Tex.

Texas Commerce Bank National Association is the co-independent executor of the Estate of Charles A. Bahr, Sr. (hereinafter sometimes referred to as petitioner). At the time the petition was filed, its principal office was Houston, Tex.

On June 16, 1972, prior to the extended filing date, petitioner filed a Federal estate tax return, Form 706, with the Internal Revenue Service Center, Austin, Tex. The return reflected an estate tax liability (after credit for State inheritance taxes of $691,724.71) of $3,395,344.70.

The original due date for the payment of the tax reflected on the estate tax return was May 23, 1972. On or before May 23 of each of the years 1972, 1973, 1974, and 1975, the District Director extended for a period of 1 year from the due date, or the date of the last previous extension, the date for paying the then unpaid portion of the assessed estate tax and interest. Petitioner requested that each extension be granted pursuant to section 6161(a)(2). However, the extension of time for payment of the tax for the period of May 23, 1972, until May 23, 1973, was granted under section 6161(a)(1). For the period May 23, 1973, through May 23, 1976, the extensions of time for payment of the tax reflected on the estate tax return were granted under section 6161(a)(2) and were based upon the District Director's determination that payment on such dates

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

would result in undue hardship to the estate. Petitioner made the following payments to the District Director, Austin, Tex., to be applied against the estate tax shown on the return and interest thereon:

| Date of payment | Tax | Interest | Total payment |
|---|---|---|---|
| May 23, 1972........... | $300,000.00 | 0 | $300,000.00 |
| May 16, 1973........... | 1,002,515.86 | $121,297.93 | 1,123,813.79 |
| Totals............ | 1,302,515.86 | 121,297.93 | 1,423,813.79 |

On November 29, 1973, the Commissioner assessed a deficiency in estate tax against the estate in the amount of $2,018,049.13 resulting from an agreed increase of $2,702,885.80 in the valuation of decedent's interest in real property and a reduction of $614,547.75 of deductions claimed, neither of which is at issue in this case.

In response to petitioner's written request, the time for payment of the assessment of additional tax was extended by the District Director on November 28, 1973, until May 23, 1974, pursuant to section 6161(b)(2). Two additional 1-year extensions were thereafter granted under this section, extending the time for payment of the additional tax until May 23, 1976. Petitioner made the following payments of the additional tax assessed and interest thereon:

| Date of payment | Tax | Interest | Total payment |
|---|---|---|---|
| May 20, 1974........... | $250,000 | 0 | $250,000 |
| May 23, 1975........... | 315,000 | 0 | 315,000 |
| May 3, 1976............. | 36,600 | $463,400 | 500,000 |
| Totals............ | 601,600 | 463,400 | 1,065,000 |

The executors of the estate have to date sought to pay its estate taxes as soon as possible, consistent with their fiduciary duty to manage the estate in a prudent manner and to prevent waste. Liquid assets of the estate were promptly converted into cash and applied to the payment of taxes, claims against the estate, and expenses of the estate. Substantially all of the other assets of the estate consisted of varying interests in undeveloped and essentially non-income-producing land in Harris and Montgomery Counties, Tex. The executors sold the estate's interest in a number of these tracts and applied substantially all of the proceeds to the payment of

taxes and expenses of the estate. Because of various impediments affecting the marketability of the land, the executors have not heretofore been able to sell the remaining assets of the estate except possibly at sacrifice prices which would have caused substantial financial loss to the estate.

On its Federal income tax returns petitioner claimed deductions for interest expense payable on the balance of its Federal estate tax liability as follows:

| TYE NOV. 30— | Amount |
|---|---|
| 1973.................. | $108,813.79 |
| 1974.................. | 136,250.00 |
| 1975.................. | 70,000.00 |

Petitioner has not filed a statement pursuant to section 642(g) of the Code waiving the above-listed amounts as deductions against its estate tax liability under section 2053.

On its Federal estate tax return petitioner claimed a deduction for "projected interest payments over five years on remaining Estate Tax Payable of $3,095,344.70" in the amount of $619,068.94. This deduction was disallowed by the Commissioner in his statutory notice of deficiency.

The issue for decision is whether the projected interest payments are deductible for estate tax purposes as administration expense. Respondent recognizes that interest paid on taxes is deductible for income tax purposes under section 163 which specifically provides for the deduction of interest. To be deductible for estate tax purposes, the deduction for interest must be claimed under the general provisions allowing administration expenses.[2] Section 2053(c)(1)(B),[3] however,

---

[2] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

\* \* \*

(2) for administration expenses,

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

[3] SEC. 2053(c). LIMITATIONS.—

(1) LIMITATIONS APPLICABLE TO SUBSECTIONS (a) AND (b).—

\* \* \*

(B) CERTAIN TAXES.—Any income taxes on income received after the death of the decendent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes, shall not be deductible under this section.

provides that taxes are not deductible as administration expenses. Because interest on tax is procedurely assessed, collected, and paid in the same manner as tax pursuant to section 6601(e)(1),[4] respondent reasons that these sections must be read together and the deduction must, therefore, be disallowed. Respondent distinguishes deductibility for income tax purposes because section 163 is specific and is not burdened with any prohibition against deducting taxes. Respondent relies upon *Ballance v. United States,* 347 F.2d 419 (7th Cir. 1965), and *Leopold v. United States,* an unreported case (C.D. Cal. 1972, 29 AFTR 2d 1518, 72–1 USTC par. 12,837). Respondent has issued Rev. Rul. 75–239, 1975–1 C.B. 304, consistent with his position.

The issue is one of first impression in this Court; however, an analysis of some of our decisions of long standing leads us to conclude that respondent's line of reasoning is faulty and will not prevail here. Since 1937 we have held that expenses incurred to prevent financial loss to an estate resulting from forced sales of its assets in order to pay its estate taxes are deductible for estate tax purposes as administration expenses. *Estate of Huntington v. Commissioner,* 36 B.T.A. 698 (1937). In *Huntington,* the decedent's estate issued notes to pay assessed estate taxes, claims, and expenses to avoid losses which would have resulted from the forced sale of its assets. In holding that the discount and redemption premiums and the issuance and redemption expenses incurred in connection with the notes were properly deductible in computing the decedent's taxable estate, we stated at page 726:

The issuance of the notes avoided the necessity of sacrificing the assets of the estate by immediate or forced sale of the same, or any part thereof, and the expenditures properly incident thereto were clearly made for the purpose of preserving and preventing waste of the estate, which, as was said

---

[4] SEC. 6601. INTEREST ON UNDERPAYMENT, NONPAYMENT, OR EXTENSIONS OF TIME FOR PAYMENT, OF TAX.

(e) APPLICABLE RULES.—Except as otherwise provided in this title—

(1) INTEREST TREATED AS TAX.—Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

in *Brown v. Commissioner*, 74 Fed. (2d) 281, was "one of the first obligations of an executor."

Similarly, in *Estate of Todd v. Commissioner*, 57 T.C. 288 (1971), we held that interest incurred upon borrowing $300,000 to pay Federal estate taxes and State inheritance taxes was an allowable administration expense. More recently, in *Estate of Webster v. Commissioner*, 65 T.C. 968 (1976), we held that interest expense accrued after the decedent's death on money borrowed by her to purchase United States Treasury bonds 3½'s (Flower Bonds) which were later used to pay part of her estate tax was deductible as an administration expense under section 2053(a)(2).

Respondent does not question the correctness of *Estate of Huntington v. Commissioner, supra,* or *Estate of Todd v. Commissioner, supra,* and he has acquiesced in both. Instead he distinguishes them on a dubious basis by pointing out that the interest was not paid on the tax in those cases but upon the debt created to pay the tax. Respondent's interpretation of that portion of section 6601(e)(1), i.e., "interest * * * shall be assessed, collected and paid in the same manner as tax," is contrary to numerous cases. With the exception of *Ballance v. United States, supra,* it has been consistently recognized by this and other courts that "interest on a tax is not a tax, but something in addition to a tax." *Capital Building & Loan Association v. Commissioner,* 23 B.T.A. 848, 849 (1931). In *Penrose v. United States,* 18 F.Supp. 413 (E.D. Pa. 1937), the decedent left his residuary estate in trust and provided in his will that all inheritance taxes were to be paid out of that portion of his estate. Most of the statutory interest on a deficiency subsequently assessed against the estate was paid out of the income of the trust. The issue of whether the payment of interest by the trust reduced the amount of income currently distributable and thus taxable to the beneficiaries was partially dependent upon whether interest on the tax was itself a tax. In resolving this question, the District Court stated at page 415:

At the outset we are confronted with the question whether the payment here involved was in fact interest or whether it was actually a part of the estate tax. It is, however, specifically described as interest in section

308(h)[5] of the Revenue Act of 1926 (26 U.S.C.A. sec. 491), which is the statutory provision requiring its payment, and while that section does provide that it shall be assessed at the same time as the deficiency in tax and collected as a part of the tax, we agree with the statement of the Board of Tax Appeals in Capital Building & Loan Ass'n v. Commissioner, 23 B.T.A. 848, that "the interest on a tax is not a tax, but is something in addition to the tax."

In *Pearson v. Commissioner*, 4 T.C. 218 (1944), affd. 154 F.2d 256 (3d Cir. 1946), we were confronted with a similar question to that presented in *Penrose*. After quoting the above excerpt from that case, we concluded that "it is clear that, * * * the interest paid on an estate tax deficiency is not a part of the tax." The Third Circuit, in affirming the "excellent opinion" of this Court, quoted with approval the above passage from *Penrose*. In *Seeley Tube & Box Co. v. Manning*, 76 F.Supp. 937 (D. N.J. 1948), revd. 172 F.2d 77 (3d Cir. 1948), revd. 338 U.S. 561 (1950), the District Court held that a net operating loss incurred in a subsequent year could not be used to abate the interest on a tax due from a prior year. In so holding, the court stated "The interest assessed under Section 292,[6] although 'collected as a part of the tax,' is not a tax." Although none of the above cases were decided under the 1954 Code, we perceive no substantial difference between the pertinent language of section 6601(e)(1) and that of its predecessors considered in those cases.

The only case which supports respondent's position is *Ballance v. United States*, 347 F.2d 419 (7th Cir. 1965). Although respondent also relies upon *Leopold v. United States, supra,* the opinion in that case contains no explanation

---

[5] Sec. 308.(h) Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be *collected as a part of the tax*, at the rate of 6 per centum per annum from the due date of the tax to the date the deficiency is assessed, or, in the case of a waiver under subdivision (d) of this section, to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. [Emphasis added.]

[6] SEC. 292. INTEREST ON DEFICIENCIES. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be *collected as a part of the tax*, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. [Emphasis added.]

for the result reached and is, therefore, not persuasive. In *Ballance v. United States, supra,* the issue was identical to the issue in the instant case. The Seventh Circuit held that statutory interest on deferred payments of estate tax was not deductible as an administration expense. The court reasoned that the general language of the predecessor of section 2053(a)(2) made its provisions subservient to the specific provisions of sections 890[7] and 891[8] of the Internal Revenue Code of 1939 which provided generally that interest on estate taxes was to be collected as part of the tax. The court reached this conclusion without distinguishing or making reference to the line of cases holding that interest on a tax, although collected as part of the tax, is not a tax. The Seventh Circuit further supported its holding with the following observation:

And, in view of the specific requirements of Sections 890 and 891 that the government be reimbursed by interest for the temporary period of loss of the use of the tax money during an extension after its payment is due, we perceive no basis for imputing to Congress a concomitant intent that the general provision relating to administration expenses was to afford an avenue through which the amount of the tax itself was to be reduced because of the interest exacted for the delay in its payment [347 F.2d at 421.]

In addition, the court noted the following statement of the Supreme Court in *Bruning v. United States,* 376 U.S. 358, 360 (1964):

---

[7] SEC. 890. INTEREST ON EXTENDED PAYMENTS.

(a) TAX SHOWN ON RETURN.—If the time for the payment is extended as provided in section 822(a)(2) there shall be collected, as a part of such amount, interest thereon from the expiration of three months after the due date of the tax to the expiration of the period of the extension. In the case of any such extension, the rate of interest shall be 4 per centum per annum.

(b) DEFICIENCY.—In case an extension for the payment of a deficiency is granted, as provided in section 871(h), there shall be collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension, and no other interest shall be collected on such part of the deficiency for such period.

[8] SEC. 891. INTEREST ON DEFICIENCIES.

Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the due date of the tax to the date the deficiency is assessed, or, in the case of a waiver under section 871(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier.

In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. * * *

We fail to see the significance of the fact that the interest, if deductible, would reduce the taxable estate and thus the ultimate amount of estate tax paid. The result is the same when interest is paid to a private lender as in *Estate of Huntington v. Commissioner,* 36 B.T.A. 698 (1937), and *Estate of Todd v. Commissioner,* 57 T.C. 288 (1971). A deductible administration expense, by definition, reduces the taxable estate. To deny an administration expense deduction upon the mere basis that it would otherwise reduce the amount of estate taxes paid would result in the disallowance of all administration expenses. Moreover, neither the quotation from nor the holding of *Bruning v. United States, supra,* supports in any meaningful way the Seventh Circuit's conclusion in *Ballance.* In *Bruning* the Supreme Court merely held that postpetition interest on a Federal tax assessment not discharged in bankruptcy proceedings remains a personal liability of the debtor after bankruptcy.

It is well settled that an estate may borrow money from a private lender to satisfy its Federal estate tax liability and deduct the interest incurred on the debt as an administration expense under section 2053(a)(2). *Estate of Huntington v. Commissioner, supra; Estate of Todd v. Commissioner, supra.* Yet respondent contends that a deduction is denied if the Government is the lending party. To deny petitioner the right to deduct for estate tax purposes the statutory interest incurred to defer the payment of estate tax has the practical effect of treating such interest in the same manner as a penalty if the estate does not have sufficient taxable income to benefit from deducting the interest paid on its income tax returns. It has been repeatedly held that interest in the tax law, as elsewhere, is merely the cost of the use of money and is not a penalty. *United States v. Childs,* 266 U.S. 304, 309 (1924); *Owens v. Commissioner,* 125 F.2d 210, 213 (10th Cir. 1942); *Jones v. United States,* 371 F.2d 442, 450 (Ct. Cl. 1967); *May v. Commissioner,* 65 T.C. 1114 (1976); *Time v. United States,* 226 F.Supp. 680, 686 (S.D. N.Y. 1964), affd. 337 F.2d 859 (2d Cir. 1964).

In *Ballance v. United States, supra,* the Internal Revenue Code of 1939 was involved. Under that Code, interest was provided for separately for each kind of tax imposed; i.e., estate tax, income tax, and excise tax. Under the 1954 Code involved here, interest is provided for only in Subtitle F, Procedure and Administration, and is made applicable to all taxes imposed under the Internal Revenue Code. This further supports the conclusion that interest on tax, although administratively treated as tax for assessment, collection, and payment purposes, remains substantively interest paid for the use of money and is deductible.

We, therefore, hold that the projected interest payments claimed by petitioner are deductible as administration expense for estate tax purposes. Accordingly, we decline to follow *Ballance v. United States, supra,* on this issue and we hold that Rev. Rul. 75–239, *supra,* is invalid.

*Decision will be entered under Rule 155.*

Reviewed by the Court.

TIETJENS, J., dissenting: The issue seems a simple one (but it isn't). Section 2053 provides that the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts for administration expenses as are allowable by the laws of the jurisdiction (here Texas) under which the estate is being administered. The Commissioner, as we understand it, concedes that the interest in question is allowable under Texas law as an administration expense.

But, according to the Commissioner, and we agree, that is not the end of the matter. He argues that under section 2053(c)(1)(B) any estate tax shall not be deductible and that the interest on the postponed estate tax with which we are involved, under section 6601(e)(1) which section is entitled "Interest *treated as tax* [emphasis supplied]," is really part of the estate tax and so not deductible. The Commissioner's argument is that we must look at the statutory scheme as a whole and not just those parts which deal with local laws. We must not only find that expenses are administration expenses allowable under local law—but, if so, that they are also allowable under Federal law. We cannot so find in this case.

Petitioner has provided excellent and illuminating briefs. And the majority opinion is most respectable. Mayhap our eyesight fails or is blocked out by *Ballance v. United States,* 347 F.2d 419 (7th Cir. 1965), and *Leopold v. United States,* an unreported case (C.D. Cal. 1972, 29 AFTR 2d 1518, 72–1 USTC par. 12,837). So far as we can ascertain these cases are directly in point and they decide the point contrary to petitioner who in his briefs states that "the *Ballance* case was wrong" and that it was "not a beacon, but an aberration." Petitioner also points out that *Ballance* was decided under the 1939 Internal Revenue Code and that this case comes under the 1954 Code. Despite petitioner and the majority opinion, we do not perceive any substantial difference between the Codes on the involved point.

We would take the easy way out by following *Ballance,* a case directly in point, rather than trying to find our way out of a room filled with fine loose feathers, no matter how well briefs light the way.

SCOTT, J., agrees with this dissent.