**William A. SNYDER, Jr., personal representative under the will of Mary S. Fingles, Deceased**

v.

**The UNITED STATES of America.**

**Civ. A. No. N 82–2327.**

United States District Court, D. Maryland.

March 14, 1984.

William A. Snyder, Jr., and Ober, Kaler, Grimes & Shriver, Baltimore, Md., for plaintiff as personal representative of the deceased, Mary S. Fingles.

Michael J. Salem, U.S. Dept. of Justice, Washington, D.C., and J. Frederick Motz,

U.S. Atty., D. Md., Peter D. Ward, Asst. U.S. Atty., D. Md., Baltimore, Md., for defendant.

NORTHROP, Senior District Judge.

This is an estate tax case which arose when the Commissioner determined a deficiency in estate tax due from the estate of Mary S. Fingles. The deficiency was paid by the estate and the personal representative brought this action for a refund. Two principal issues were presented in the complaint. The first was a factual question involving the valuation of stock held by the decedent in a closely held corporation, The Fingles Company. That issue was tried before a jury and the jury found that the stock, which was a major part of the gross estate, was worth $774,400 on the relevant valuation date.

The second question presented by the taxpayer is whether the interest expense incurred by the estate on the unpaid balance of its federal estate tax liability deferred under Section 6166 of the Internal Revenue Code of 1954, 26 U.S.C. § 6166 (1976), is deductible prior to its accrual. Post-trial briefs have been submitted on this legal issue which is the only issue remaining for decision in this matter. The facts, which are not in dispute, can be summarized as follows.

Mary S. Fingles died on September 9, 1979. Her estate consisted almost entirely of stock held in the family business, The Fingles Company, which is a small specialty steel company located in Baltimore, Maryland. Mrs. Fingles was the majority shareholder in The Fingles Company. If her stock had to be sold in order to pay the estate taxes, it would have amounted to a sale of the family business. In order to avoid having to sell the estate's only asset

which, in turn, would have resulted in a sale of the family business, the personal representative elected to pay the estate tax in installments under Internal Revenue Code Section 6166.[1] Pursuant to § 6166, the personal representative elected to spread the estate tax out over 15 years. The tax itself would be deferred for five years, thereby leaving only interest to be paid the first five years; beginning on June 6, 1985, principal *and* interest would be due in installments for ten years thereafter. The estate tax return filed for Mrs. Fingles' estate showed a total tax due of $297,843.51.[2] Of this amount, $53,287.90 was originally paid with the return. The balance of the tax, $244,555.61, was deferred under the 15-year installment plan. In calculating the tax due, the personal representative sought to deduct the projected, but as yet unaccrued, interest which would be owed to the United States as a result of the election to defer payment of the estate tax.

In arguing that the estate is entitled to this deduction, plaintiff herein, the personal representative, relies upon *Estate of Bahr*, 68 T.C. 74 (1977). In *Estate of Bahr*, the United States Tax Court was presented with the issue whether the interest expense incurred by the estate on the *unpaid balance* of its federal estate tax liability deferred under § 6161 is deductible as an administrative expense under Section 2053(a)(2).[3] The *Bahr* court answered in the affirmative indicating that the deduction should be allowed in order to prevent financial loss to an estate resulting from forced sales of its assets in order to pay its estate taxes. *Id.* at 79–80. The Tax Court further found that to deny the deduction would have the effect of treating the inter-

---

**1.** All references to code sections are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; the 1954 Code was the law applicable to the estate of Mary S. Fingles.

**2.** This amount was based upon a valuation of The Fingles Company stock approximately equalling $900,000. The Internal Revenue Service objected to this amount, contending that the stock should have been valued at $1.3 million.

As noted above, this issue was presented to the jury which found that the valuation should be $774,400.

**3.** Although the *Bahr* case dealt with Section 6161 of the 1954 Code, its general discussion of the interest expense deduction is equally applicable in cases involving Sections 6166 and 6166A.

est as a penalty if an estate did not have sufficient taxable income to benefit from deducting the interest paid on its income tax returns. *Id.* at 84–85. For these reasons, the *Bahr* court stated: "We, therefore, hold that the *projected interest payments* claimed by petitioner are deductible as administration expenses for estate tax purposes." *Id.* at 85. (Emphasis supplied).

This holding settled many years of controversy in which the IRS had taken the position that such interest was not deductible. After the *Bahr* decision, the Commissioner announced that he would "acquiesce" in the ruling, and would no longer contest the issue. Rev.Rul. 78–125, 1978–1 Cum.Bull. 292. The plaintiff herein relied on the *Bahr* decision and the Commissioner's acquiescence thereto in seeking the projected interest deduction. What appeared to be very strong authority, however, was shrouded in serious doubt after Revenue Ruling 80–250 was issued.

Revenue Ruling 80–250 involves an issue that seemingly was settled in *Estate of Bahr, supra,* but the IRS apparently viewed the issue as somewhat more specific than in *Bahr.* The issue is framed in the Revenue Ruling as follows: *"When* does interest expense charged pursuant to the executor's election to extend payment of the estate tax liability become deductible under section 2053(a)(2) of the Code?" Rev.Rul. 80–250, 1982–2 Cum.Bull. 278. (Emphasis supplied). (Hereinafter cited as Rev.Rul. 80–250). In answer to this question, the Revenue Ruling states: "interest expense incurred under Section 6166A is deductible *when the interest accrues." Id.* (Emphasis supplied). In reaching this conclusion, the IRS began by noting that no deduction may be based on a vague or uncertain estimate. If an expense otherwise deductible under Section 2053 of the Code is not actually incurred (*i.e.,* accrued) at the time of the final audit of the estate tax return, then no deduction will be allowed for the expense at that time, unless the expense is ascertainable with reasonable certainty. Rev.Rul. 80–250, *citing,* Treas.Reg. 20.2053–1(b)(3). The conclusion of Revenue Ruling 80–250 is that an inter-

est expense which has not yet accrued fails to meet the requirement of reasonable certainty. Specifically, Revenue Ruling 80–250 states:

> In situations where the executor elects to extend the time for the payment of the estate tax under section 6166A the executor has the option to accelerate payment, and in certain circumstances must accelerate payment. The possibility that payment may be accelerated renders any estimate of future interest charges vague and uncertain, within the meaning of section 20.2053–20.2053–1(b)(3) of the regulations.

Rev.Rul. 80–250, *supra* (citations omitted).

Based on this reasoning, the Commissioner ruled that the interest only becomes deductible when it accrues. Interest accrues daily; however, for administrative convenience, Revenue Ruling 80–250 provides that taxpayers should claim the deduction at the time of the annual dates prescribed for payment under 6166A. When each deduction is taken, the estate tax and remaining installment amounts would be recomputed. Any refund due can be obtained at the end of the 15 years. Rev.Rul. 80–250, *supra.*

Plaintiff herein argues that Revenue Ruling 80–250 is contrary to the Tax Court opinion in *Estate of Bahr,* 68 T.C. 74 (1977). Plaintiff also argues that the ruling is contrary to the Congressional intent behind § 6166A, and is an "administrative nightmare" which is contrary to the tax regulations themselves. Regarding the conflict between *Estate of Bahr, supra,* and Revenue Ruling 80–250, plaintiff is basically correct. *Estate of Bahr, supra,* holds that the *projected* interest *is* deductible. Revenue Ruling 80–250 states that unaccrued, or *projected, interest* is not deductible; rather, a taxpayer must wait and annually deduct only that interest which has accrued.

■ This apparent conflict, however, must be viewed with two points in mind. First, the Commissioner may either acquiesce or non-acquiesce in a Tax Court

opinion. Non-acquiescence means that the IRS will not follow the decision of the court in disposing of similar cases. Obviously, taxpayers can contest IRS rulings which apply to them. The point to be noted is simply that all tax court opinions do not stand as binding precedent to be blindly followed by the Commissioner in handling every later case which arises out of similar facts or involves the same code section.

More importantly, however, is the fact that the tax court itself has recognized that where the projected interest under § 6166 is vague and uncertain, it may not be deducted until it accrues. *Estate of Pierre L. Bailly*, 81 T.C. 246 (1983). The plaintiff attempts to distinguish *Bailly* because the tax laws had been amended by the time the *Bailly* case arose. This Court is not persuaded that *Bailly* is sufficiently distinguishable since its general statement of the requirements for the administration expense deduction apply as well to Mrs. Fingles' estate.

Plaintiff further attempts to distinguish *Bailly* by indicating that the tax court in *Bailly* found that the interest was uncertain because the interest rate applicable to the *Bailly* estate would vary constantly over the life of the 10-year estate tax deferral,[4] whereas the estate of Mrs. Fingles had the benefit of a *constant* 4% statutory interest rate. Granted, the tax court in *Bailly* did base its decision in part on the uncertainty due to the fluctuating interest rate. However, the *Bailly* court repeatedly indicated that a reasonably certain estimate of the interest could not be made due to the possibility that payment could be accelerated, or that portions of the payment could be prepaid. *Estate of Bailly, supra*, at 248.

This language is based upon the requirement in section 20.2053–1(b)(3) of the Estate Tax Regulations which provides that:

[a]n item may be entered on the return for deduction though its exact amount is not then known, provided it [1] is ascertainable with reasonable certainty, *and* [2] *will be paid.* No deduction may be taken upon the basis of a vague or uncertain estimate.

It should be noted with emphasis that the regulations require that an item for which an estimated deduction is taken *eventually will be paid.* The possibility that the estate tax payment may be accelerated either voluntarily or as a result of sale or winding up of the family business, renders it uncertain whether the interest will be paid. The problem is that a deduction for projected interest may be taken but the payments as projected would never be paid.

Plaintiff argues that this rule is harsh and presents an "administrative nightmare" because 15 amended estate tax returns must be filed. Plaintiff would prefer to adopt a "wait-and-see" rule which would allow the deduction to be taken initially, and any deficiency could be later paid. This seems to be a sensible suggestion and would further effectuate the purpose of preventing a forced sale of the family farm or business in order to pay the estate taxes.

■ However, it is not this Court's function to rewrite the estate tax regulations. To the contrary, these regulations are drafted by individuals with much expertise in the area of taxation and are entitled to great judicial deference. A regulation should be upheld unless unreasonable or plainly inconsistent with the statute under which it was promulgated. *See, e.g., Thor Power Tools Co. v. Commissioner*, 439 U.S. 522, 533, n. 11, 99 S.Ct. 773, 781, n. 11, 58 L.Ed.2d 785 (1979). No reason has been presented which persuades this Court that Regulation 20.2053 should be stricken. Furthermore, Revenue Ruling 80–250 is simply an interpretation and application of Regulation 20.2053. As noted above, the IRS position on deductibility of interest expenses is quite clear as evidenced in several recent Technical Advice memoranda. The IRS does not question that the deduction

4. That the deferral in *Bailly* was extended over a 10-year period while the deferral in the instant case was extended over a 15-year period also does not distinguish *Bailly* from the instant case.

may be taken; the Service has simply stated its position concerning *when* the deduction may be taken. Consistent with the regulations, the IRS rulings state that only interest "actually and *necessarily incurred*," *i.e.*, accrued to date on unpaid estate taxes, is allowable as an administration deduction. IRS Letter Ruling 7924006. A Technical Advice Memorandum explains the procedure for taking interest deductions. IRS Letter Ruling 8022023. This Court will defer to the expertise of the Service in connection with the procedure and timing associated with this interest deduction. Thus, Revenue Ruling 80–250 will not be invalidated as inconsistent with IRS regulations or Congressional intent.

■ Nevertheless, the above ruling does not resolve the apparent conflict between Revenue Ruling 80–250 and *Estate of Bahr, supra.* Revenue Ruling 80–250 essentially provides that an interest deduction can *never* be taken at the outset; rather, it can only be taken after it accrues. *Estate of Bailly, supra,* shows the Tax Court's agreement with this view. With this in mind, *Estate of Bahr, supra,* must be read as read by the *Bailly* court, which interpreted *Bahr* to be a decision on the "pure" question whether interest incurred on deferred estate taxes is deductible as an administration expense. While *Estate of Bahr* provides that the deduction may be taken, Revenue Ruling 80–250 sets forth *how* and *when* the deduction may be taken.[5]

■ One final point for determination is whether the deduction can be·taken at all in the *instant* case. Defendant, the United States, contends that the taxpayer cannot avail itself of the deduction because the estate has not shown that it is entitled to it under state law. It is the taxpayer's burden to show that he is entitled to the deduction. *Kasishke v. United States,* 426 F.2d 429, 435 (10th Cir.1970); *Bonney v. Com-*

*missioner,* 247 F.2d 237, 239 (2d Cir.1957), *cert. denied,* 355 U.S. 906, 78 S.Ct. 333, 2 L.Ed.2d 261 (1957). Here, the item for deduction is an administration expense of an estate. Under Section 2053, a deduction is allowed for certain expenses incurred in connection with the administration of an estate if the expense is permissible under state law. It is clear that under Maryland law, interest incurred on estate taxes by the estate is an allowable expense chargeable against the principal of the estate. Md. Estates & Trusts Code Ann.Sec. 7–304(a) (1974). However, defendant argues that the Maryland statute does not address the issue whether unpaid, estimated federal estate taxes can be charged against the estate. It is the view of this Court that it is not necessary that Maryland law so provide. What is necessary of local law is that the item be a proper "administration expense" which is chargeable against the estate. 26 U.S.C. § 2053 (1979). The intricacies of federal estate tax law need not have been decided in the state prior to the allowance of a deduction.

■ Under Maryland probate law, interest on estate tax is a proper administrative expense; thus, it can be taken as a deduction under § 2053 in a manner consistent with applicable regulations, in particular Revenue Ruling 80–250.

■ In sum, this Court finds that Revenue Ruling 80–250 should not be invalidated or stricken down as requested by plaintiff. Plaintiff, however, *has* sustained its burden of showing that it is entitled to deduct the interest on the deferred estate tax. Such a deduction must be taken in accordance with applicable IRS rulings.

---

5. Even though this Court interprets *Estate of Bahr* as not inconsistent with *Bailly,* it should be noted that the Commissioner, and certainly the Tax Court, may change an earlier interpretation of the tax laws even if such a change is made retroactive in effect. *Dickman v. Commissioner,* —— U.S. ——, 104 S.Ct. 1086, 79 L.Ed.2d 343 (1984).