REQUESTED BY: Robert E. Roeder, Logan County Attorney North Platte, Nebraska
1. When the amount of federal estate tax on an estate is decreased due to interest expense incurred pursuant to an election under § 6166 of the Internal Revenue Code to pay the tax in installments, must the amount deducted for federal estate tax for inheritance tax purposes underNeb.Rev.Stat. § 77-2018.04(5) (Reissue 1981) be likewise reduced to reflect the lower amount of federal estate tax paid?
2. Is the interest expense incurred pursuant to such an election under § 6166 of the Internal Revenue Code deductible for inheritance tax purposes under Neb.Rev.Stat.77-2018.04(2) (Reissue 1981)?
1. Yes.
2. Yes, but only to the extent such interest is actually accrued.
1. Subsection 77-2018.04(5) provides:
 In all proceedings for the determination of inheritance tax, the following deductions from the value of the property subject to Nebraska inheritance taxation shall be allowed to the extent paid from, chargeable to, or paid with respect to property subject to Nebraska inheritance taxation:
. . . .
 (5) Any federal estate tax paid, after deduction of all applicable credits, which is attributable to property subject to Nebraska inheritance taxation.
We are of the opinion that subsection 77-2018.04(5) means just what it says; i.e., that only federal estate taxes actually paid may be deducted from the value of the property subject to Nebraska's inheritance tax. If any estate, through various provisions of the federal estate tax law, is able to and, in fact, does pay a lesser amount of federal estate tax than might otherwise be the case, only that lesser amount may be deducted. To do otherwise would result in deduction of theoretical amounts of federal estate tax which might never be paid by the taxpayer.
Section 6166 of the Internal Revenue Code (`IRC') allows the taxpayer to make an election to defer payment of federal estate tax for a period of time up to 15 years where the estate consists largely of an interest in a closely held business. Subsection (f) of § 6166 calls for payment of interest on the deferred amount of estate tax, such interest to be calculated under the provisions of § 6601 of the IRC. Section 2053(a)(2) of the IRC allows amounts `for administration expenses' to be deducted from the value of the gross estate for purposes of calculating the federal estate tax. Both the United States Tax Court, in Estate of Bahr v.Commissioner, 68 T.C. 74 (1977), and the Internal Revenue Service, in Rev.Rul. 78-125, have held that interest expense on the unpaid balance of a decedent's federal estate tax, which the personal representative elected to pay in installments under § 6166 of the IRC, are deductible from the decedent's gross estate as an administration expense under 2053(a)(2). This, obviously, affects the amount of federal estate tax to be paid. To the extent the federal estate tax is decreased because of the deduction of interest expense as an `administration expense' under § 2053(a)(2), the amount for federal estate tax deducted from the value of the property for inheritance tax purposes under subsection77-2018.04(5) must also be decreased.
2. Subsection 77-2018.04(2) states:
 In all proceedings for the determination of inheritance tax, the following deductions from the value of the property subject to Nebraska inheritance taxation shall be allowed to the extent paid from, chargeable to, or paid with respect to property subject to Nebraska inheritance taxation:
. . . .
 (2) All expenses of administration which accrue as a result of the death of the decedent, including, but not limited to, attorney's fees, court costs, and expenses concerning property not subject to probate.
It is our opinion that any interest expenses actually paid by the estate as a result of a § 6166 election to defer payment of federal estate tax is deductible from the value of the property subject to Nebraska inheritance taxation as an expense of administration. There are several reasons for reaching this conclusion.
First, the language of subsection 77-2018.04(2) is very broad and inclusive, referring to `all' administrative expenses as being deductible. The subsection makes clear that the particular expenses listed therein are not all-inclusive in that other expenses of administration may also be deductible. There is simply nothing in the statutory language suggesting that interest expense legitimately incurred in an effort to reduce the impact of federal estate taxes on the heirs is not a deductible administrative expense.
Second, while the language of § 2053(a)(2) of the IRC is not identical to the language of subsection77-2018.04(2), it is similar to it; and under that federal statutory language both the United States Tax Court and the Internal Revenue Service have found that interest expense incurred as a result of deferred payment of federal estate taxes is deductible for estate tax purposes. Estate ofBahr v. Commissioner, supra; Rev.Rul. 78-125. This federal interpretation of the federal statute, of course, is not binding in the context of the Nebraska inheritance tax law. Nonetheless, it does provide some guidance and some reasoning as to why the interest expense should be considered a deductible administrative expense under subsection77-2018.04(2).
Third, the Nebraska Probate Code states that the personal representative of an estate, `acting reasonably for the benefit of the interested persons,' may properly `pay taxes, assessments, compensation of the personal representative, and other expenses incident to the administration of the estate.' Neb.Rev.Stat. § 30-2476(18) (Reissue 1979). This language strongly suggests that a personal representative who acts reasonably for the benefit of the heirs in deferring payment of federal estate taxes and who, therefore, incurs interest expense on the deferred payment has incurred expenses incident to administration. And this expense would be encompassed within the broad language of subsection77-2018.04(2) which allows deduction of `all expenses of administration' with no particular qualification. In short, if the expense is reasonably incurred `for the benefit of the interested persons,' it is a legitimate expense of administration.
Fourth, since the county will reap the benefit of having less deducted for federal estate tax paid under subsection77-2018.04(5), it would seem that the interest expenses incurred should be deductible as administrative expenses under subsection 77-2018.04(2). Otherwise the county would benefit from the windfall of a lower deduction for federal estate tax paid without having the corresponding deduction for the very real interest expenses being paid by the estate on the deferred federal tax.
It should be noted, however, that the interest expenses cannot be deducted from the federal estate tax under the federal law until such time as the interest actually accrues. Rev.Rul. 80-250; Rev.Proc. 81-27. Likewise subsection77-2018.04(2) talks of expenses which `accrue.' Accordingly, the interest expense cannot be deducted for inheritance tax purposes until they actually accrue also.
3. We realize that the foregoing could cause some inheritance tax administration difficulties where estates elect to defer federal estate tax payments under the IRC. For example, under § 6166 of the IRC payment of any federal estate tax may be deferred for five years. If this is done, no federal estate tax could be deducted for five years under subsection 77-2018.04(5) since no such tax has actually been paid. Because the inheritance tax is due and payable 12 months after the date of death of the decedent (§ 77-2010) and because the limitation on applying for inheritance tax refund is two years from date of payment (§ 77-2018), it is possible that an estate would pay inheritance tax without ever being able to deduct federal estate tax payments. A similar situation could result with regard to interest expenses which may not accrue until many years after the date of death.
Therefore, as a practical matter, we suggest that taxpayers and county attorneys proceed in these situations under the provisions of § 77-2018.07 which allows tentative payment of inheritance taxes prior to final determination of the amount owed. Such tentative payment should be based on a good faith estimate of the amount of federal estate tax which will actually be paid over the entire deferment and on a good faith estimate of the amount of interest expense which will accrue over that same period. At the end of the deferment period, when the federal estate taxes have been paid, a final reckoning can be made and a final determination made by the court. Obviously, this may result in a lengthy delay in `closing out' an inheritance tax determination and payment. However, since the federal estate tax will be open for the same period of time, this should work no major hardship on taxpayers or counties. To the extent that it may become necessary to discharge any property from the inheritance tax liens during the lengthy period before final determination of payment, the parties may proceed under § 77-2039 which allows the county court to make such discharge in appropriate circumstances.
In spite of the foregoing suggestions, appropriate legislation may be necessary to resolve the administrative problems which might arise in these situations.
Very truly yours, A. EUGENE CRUMP Deputy Attorney General
Charles E. Lowe Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General