ESTATE OF EPHRIAM H. HOOVER, JR., DECEASED, COMMERCE UNION BANK, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hoover v. Commissioner
Docket No. 10265-82.
United States Tax Court
T.C. Memo 1985-183; 1985 Tax Ct. Memo LEXIS 444; 49 T.C.M. (CCH) 1239; T.C.M. (RIA) 85183; April 16, 1985. *444 The executor elected under sec. 6166, I.R.C. 1954, to defer payment of Federal estate tax and claimed on the decedent's Federal estate tax return an estimate of the interest to be accrued over the deferred period. Held, the executor may not claim, as a matter of law, an administration expense deduction pursuant to sec. 2053(a)(2) because amount of interest is not determinable with sufficient certainty and there is no assurance that the prospective accrual of interest will ever be paid. H. Stennis Little, Jr. and Tommy C. Estes, for the petitioner. Kathleen E. Whatley, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1] Hearings were held with respect to said motion. In his statutory notice of deficiency dated April 22, 1982, respondent determined a deficiency of $518,885.61 in petitioner's Federal estate tax.After concessions, the sole issue to be decided in determining whether respondent is entitled to prevail on his motion is whether an estate, *445 having elected under section 6166[2] to pay its estate tax liability in installments, may claim an administration expense deduction pursuant to section 2053(a)(2) for interest not yet accrued on that liability. Ephriam H. Hoover, Jr. died on April 15, 1979, and the Commerce Union Bank, whose principal office is located in Nashville, Tennessee, was appointed executor of his estate. The Federal estate tax return, which was received by the Internal Revenue Service on January 16, 1980, reflected an adjusted gross estate of $9,020,567.95, of which $5,897,439 represented the value of the decedent's interest in closely held businesses. The return also reflected a total estate tax due in the amount of $2,367,128.85. The executor determined that $1,547,574.26 [3] *446 of the estate tax was attributable to the value of the closely held business interests and it elected to have the payment of this amount deferred pursuant to section 6166. [4]
At the time of the decedent's death, section 6166 provided that a portion of the estate tax liability could be deferred [5] if the value of closely held business interests exceeded 65 percent of the decedent's adjusted gross estate. [6] Interest on the deferred estate tax was, and continues to be, calculated by the annual rate established under section 6621(b). [7] See secs. 6166(f) and 6601(a). The estate tax could be paid in a maximum of ten installments, and the first installment could be deferred for 5 years. Thus, payments on the estate tax could be extended over a 14-year period. This deferral period, however, could be shortened by a voluntary or involuntary *447 acceleration of payment of the estate tax liability. See sec. 6166(g). The executor claimed on the decedent's Federal estate tax return an administration expense deduction pursuant to section 2053(a)(2) for the total amount of interest expense that it estimated would be incurred due to the estate's election to defer *448 payment of a portion of the estate tax liability. In his statutory notice of deficiency, respondent disallowed this claimed deduction for estimated interest expense. To be deductible by the decedent's estate, the projected interest expense must meet the requirements of section 2053. Section 2053(a) provides that the value of the taxable estate shall be determined by deducting from the gross estate administration expenses and certain other items, which are allowable by the law of the jurisdiction where the estate is administered. [8] *449 While interest paid on estate taxes is generally deductible as an administration expense under section 2053(a)(2), Estate of Bahr v. Commissioner,68 T.C. 74 (1977); Estate of Webster v. Commissioner,65 T.C. 968, 981-982 (1976); Estate of Todd v. Commissioner,57 T.C. 288, 294-296 (1971), the requirements of section 20.2053-1(b)(3), Estate Tax Regs., must be satisfied before an estimate of the interest to accrue on petitioner's Federal estate tax liability over the deferral period can be deducted.
Section 20.2053-1(b)(3), Estate Tax Regs., provides that-- An item may be entered on the return for deduction though its exact amount is not then known, provided it [1] is ascertainable with reasonable certainty, and [2] will be paid. No deduction may be taken upon the basis of a vague or uncertain estimate. * * * Respondent, as the party moving for summary judgment, has the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). Petitioner, however, has the burden of proof with respect to the deficiency determination made in respondent's statutory notice. Rule 142(a). Respondent maintains that, as a matter of law, an estimate of interest to be incurred on Federal estate taxes deferred under section 6166 can never satisfy the two-prong test set forth above in section 20.2053-1(b)(3), Estate Tax Regs. Thus, he argues that interest *450 can be deducted as an administration expense only as it accrues, and cites Estate of Bailly v. Commissioner,81 T.C. 246 (1983), as being dispositive of this issue. We agree with respondent and grant his Motion for Summary Judgment. In Estate of Bailly v. Commissioner,supra, the executor had elected under section 6166 to defer payment of Federal and Florida estate taxes. He claimed on the decedent's Federal estate tax return an estimate of the interest to be accrued over the deferral period. Respondent, in disallowing the claimed deduction, maintained that the estimate could not satisfy the requirements of section 20.2053-1(b)(3), Estate Tax Regs., and thus was not properly deductible under section 2053(a)(2). In addressing this issue, the Court stated that, due to the considerable fluctuation in interest rates and the possibility that some or all of the payments of the estate tax could be accelerated or prepaid, a reasonable estimate of unaccrued interest could not be made. The Court further stated that the possibility of voluntary or involuntary acceleration of the estate tax liability rendered it uncertain that the taxpayer would actually pay the estimated interest. Thus, *451 the Court held that unaccrued interest on Federal and Florida estate tax liability could not meet the requirements of section 20.2053-1(b)(3), Estate Tax Regs., and therefore was not deductible as an administration expense under section 2053(a)(2). See also Estate of Meyer v. Commmissioner, 84 T.C.     (Apr. 1, 1985). Petitioner maintains that Estate of Bailly is not dispositive of this case. With respect to the requirement that the interest be ascertainable with reasonable certainty, petitioner insists that the instant situation is distinguishable from Estate of Bailly because petitioner has suggested a method for estimating interest and no such method was suggested in Estate of Bailly. Petitioner used the average yield to maturity of Treasury obligations maturing over the deferral period to estimate the total interest to be incurred on the estate tax.A similar method of calculating such future interest expense was proposed in Senate Bill 2479, [9] which was introduced in the Second Session of the 97th Congress. This bill was later referred to the Senate Committee on Finance, where it died in Committee. [10] Petitioner contends that the proposed legislation of this method is an indication *452 of the acceptance of this forecasting method as a means to estimate interest with reasonable certainty. We disagree. Senate Bill 2479 proposed several amendments to section 6166. One such amendment was to permit an estimate of the entire interest attributable to the deferral period to be deductible when the estate tax return was filed. This interest was to be determined by the then prevailing yield on Treasury obligations of comparable maturity. The Joint Committee on Taxation Staff described the effect of this provision as "chang[ing] the manner in which the interest on installment payments is deducted for estate tax purposes." Hearings on S. 1983 and S. 2479 Before the Subcomm. on Estate and Gift Taxation of the Senate Comm. on Finance, 97th Cong., 2d Sess. 81 (1982). We fail to see how petitioner's use of a method similar to the one proposed by Senate Bill 2479, which was not adopted, demonstrates that interest could be ascertainable with reasonable certainty as required by section 20.2053-1(b)(3), *453 Estate Tax Regs. Since this bill was never passed, section 6166 remains unchanged, and Estate of Bailly's interpretation of the interaction between sections 6166 and 2053 continues to be the law. We read Estate of Bailly to hold that interest to be incurred on the Federal estate tax over the deferral period, as a matter of law, can never be estimated with reasonable certainty within the meaning of section 20.2053-1(b)(3), Estate Tax Regs., regardless of the forecasting method used. [11] See also Estate of Meyer v. Commissioner,supra.
With respect to the requirement of section 20.2053-1(b)(3), Estate Tax Regs., that the interest will be paid, petitioner argues that, given the illiquid nature of the closely held assets, it is unlikely that it would knowingly try to accelerate *454 the payments of estate tax liability. It buttresses its argument by contending that the favorable interest rate of 4 percent, which is allowed by section 6601(j)[12] on a portion of the estate tax, provides additional incentive for it to maintain the longest possible deferral period. Thus petitioner maintains that payment of the interest, which it estimated would be incurred over the deferral period, reasonably is certain to occur. While all the foregoing points made by petitioner may be so, it still does not bring the requisite degree of certainty of petitioner's future actions prescribed by the regulation. The regulation requires that the interest will be paid, not that payment is reasonably certain. The fact that petitioner could voluntarily or involuntarily accelerate payment of the Federal estate tax liability renders uncertain, as a matter of law, petitioner's payment of interest. This is true even if the possibility of prepayment is remote. Estate of Bailly v. Commissioner,supra at 251-252. *455 See also Snyder v. United States,582 F.Supp. 196, 199 (D. Maryland 1984). Petitioner next argues that denial of the estimated interest expense deduction results in interest expense being treated differently than estimated fees or commissions of executors and attorneys, the latter of which can be deducted without necessarily satisfying the two-prong test of section 20.2053-1(b)(3), Estate Tax Regs.We fail to see any merit in petitioner's contention.Estimated fees or commissions of executors and attorneys can be deducted in the amount which has been paid, or in an amount which at the time of filing the estate tax return reasonably may be expected to be paid. See sec. 20.2053-3(b) and (c), Estate Tax Regs. The regulations under section 2053 do not require certainty of payment in order for these particular estimated administration expense items to be deductible. Lastly, petitioner contends that denial of the claimed estimated interest expense deduction would result in the estate being precluded from taking a deduction for a portion of the interest expense accruing on the deferred estate tax. More specifically, it contends that the application of sections 7459(c) and 6512(a) prevents *456 a taxpayer from claiming deductions for that portion of the interest accruing after our decision becomes final. [13] This exact problem was addressed by the Court in Estate of Bailly v. Commissioner,81 T.C. 949 (1983), and we see no reason to address it again. [14]
To reflect the foregoing, An appropriate order and decision under Rule 155 will be entered.
Footnotes
1. All Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
3. The amount of estate tax elected for deferral under section 6166 was determined as follows: Closely Held Business Interests / Adjusted Gross Estate X Total Estate Tax = Portion of estate tax attributable to closely held business interests $5,897,439.00 / $9,020,567.95 X $2,367,128.85 = $1,547,574.26 ↩
4. The executor also filed a protective election to have section 6166A apply. The parties agree that, if the estimated interest expense cannot be deducted on the decedent's initial estate tax return, petitioner will not qualify to defer payment of its estate tax liability under section 6166, but will qualify for deferral under section 6166A↩.
5. The maximum amount of the estate tax which could be deferred was the amount of estate tax which bore the same ratio to the total estate tax as the amount of closely held business interests bore to the amount of the adjusted gross estate. See section 6166(a)(2)↩. 6. The Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 314-315, 26 U.S.C. secs. 6166 and 6166A, amended section 6166 to lower the percentage relationship between the value of the closely held business assets and the value of the adjusted gross estate from 65 percent to 35 percent, and repealed section 6166A↩, respectively. 7. The applicable interest rates for Federal estate taxes between April 15, 1979 and June 30, 1984 were: ↩
4/15/79 to 1/31/80
6%
2/01/80 to 1/31/82
12%
2/01/82 to 12/31/82
20%
1/01/83 to 6/30/83
16% (compounded daily)
7/01/83 to 12/31/83
11% (compounded daily)
1/01/84 to 6/30/84
11% (compounded daily)
8. The parties agree that the interest incurred on the liability for estate tax constitutes an expense necessarily incurred in the administration of the estate and is deductible under section 2053(a)(2)↩ to the extent allowable under local law. They disagree, however, as to the timing of that administration expense deduction.
9. This Act was entitled "Section 6166↩ Technical Revision Act of 1982." 10. This proposal was reintroduced without success through Senate Bill 1251 in the First Session of the 98th Congress.↩
11. Petitioner's reliance on Bahr v. Commissioner,68 T.C. 74 (1977), is misplaced.Although Bahr involved a claimed deduction for "projected" interest, the Court addressed the pure question of whether interest incurred on the unpaid balance of the estate tax liability was deductible as an administration expense under section 2053(a)(2)↩. The Court did not address the issue of deductibility of estimated interest.
12. The favorable interest rate under section 6601(j) applies only if section 6166 were properly elected. It does not apply to the portion of estate tax deferred pursuant to section 6166A↩.
13. Section 7459(c) and Rule 155 require that our decision specify a dollar amount, and section 6512(a)↩ requires that our decision be final. 14. In Estate of Bailly v. Commissioner,81 T.C. 949↩ (1983), petitioner raised this exact problem in his motion before the Court and requested that entry of the Court's decision be postponed until the final installment of tax is due or paid, whichever occurred earlier.The Court granted petitioner's request.