**James H. MILLS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 88–3891**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 18, 1989.

James H. Mills, Port Charlotte, Fla., pro se.

Clinton W. Marrs, Trial Atty., Tax Div., U.S. Dept. of Justice, Gary K. Allen, Chief, Deborah Swann, William S. Estabrook, Appellate Section, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CLARK and EDMONDSON, Circuit Judges, and HILL, Senior Circuit Judge.

CLARK, Circuit Judge:

I. Background

Appellant James Mills had an employment contract with Instrument Systems Corporation (ISC) for 1970 through 1977. For the period 1974 through 1977, Mills performed no services yet received compensation from ISC from which ISC withheld $3,048.40 in FICA taxes. ISC also paid its share of FICA contributions on Mills' behalf.

In 1977, Mills applied for and began receiving Social Security retirement benefits. Although he was then 65 and continued to receive compensation from ISC, he was eligible to receive Social Security benefits because he did not actually report to work. In response to an inquiry from the Social Security Administration (SSA), however, ISC claimed that it paid no FICA wages to Mills from 1973 through 1977. ISC informed Mills it would "no longer" withhold FICA taxes from his wages, but did not mention the earlier withholdings.

ISC then filed with the IRS a Form 941–C and requested a tax credit for its share of FICA taxes paid on behalf of Mills. ISC crossed out a "Signature and Certification" statement on the form which required employers to certify that all the FICA contributions that had been deducted from an employee's salary had been repaid to the employee and that they had obtained a written statement that the employee had not claimed a refund of those payments.[1] ISC did not notify Mills of its actions and did not obtain from him a statement regarding his withheld FICA contributions.

In 1983 Mills contacted the SSA to find out why his benefits were lower than expected. He also contacted ISC to inquire about what happened to the FICA contributions deducted from his compensation. In January, 1984, ISC informed Mills it had received a refund of its own FICA contributions to his account, but had not requested a refund of his contributions. After SSA denied his request for increased benefits, Mills filed a written request on April 15, 1985 with the IRS for a refund of his FICA contributions. The IRS denied his request because the statute of limitations had expired.[2] Mills filed this refund action on June 1, 1987.

---

1. This section stated:

   I certify that all FICA tax that was over-collected has been repaid to employees. I have obtained from each employee a written statement that the employee has not claimed refund or credit of the amount of such over-collection.

   Form 941–C.

2. For credit or refund claims, 26 U.S.C. § 6511(a) (1989) imposes a three year statute of limitations from the time the taxpayer's return is filed or two years from the time the tax was paid, whichever period expires later. The statute also provides:

   No credit or refund shall be allowed or made after the expiration of the period of limitation

In granting the government's motion for summary judgment, the district court found that ISC's claim was not sufficient to constitute informal notice to the IRS that Mills would seek a refund of his FICA contributions. Thus, the court concluded it lacked jurisdiction because Mills' claim was outside the statute of limitations. Mills appealed the judgment.

## II. Discussion

Mills raises three arguments in support of his position. First, he argues that an employer's request for a credit of its FICA contributions to an employee's account constitutes sufficient notice to the IRS of the employee's own claim for a FICA refund to prevent the employee's claim from being barred by the statute of limitations. He states that Form 941–C provides the IRS with specific written notice of an employee's identity, social security number, and the erroneous FICA tax payments made to the employee's account. Second, he asserts that the operation of the FICA tax system places primary responsibility on the employer to act on an employee's behalf to collect and pay FICA taxes, file returns, and file for credits and refunds; the employer's filing of Form 941–C, therefore, is not a third party administrative claim but is instead the primary claim upon which an employee's refund claim is based. Third, he claims it is contrary to the intent of the IRS regulations to deny an employee's FICA refund claim when the employee was unaware and unable to discover his entitlement to a refund. He points out that the IRS's and the employer's failure to comply with IRS regulations and procedures concealed his entitlement to excess FICA contributions. In response, the government argues that unless an employee files a proper informal claim within the statutory period, the employee's claim is time barred. Further, it argues that an employer's FICA refund claim from an employee's account cannot constitute informal notice of an em-

ployee's refund claim. We find Mills' position persuasive.

It is well settled that "a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." *United States v. Kales*, 314 U.S. 186, 194, 62 S.Ct. 214, 218, 86 L.Ed. 132 (1941). "There are no rigid guidelines except that an informal claim must have a written component and should 'adequately apprise the Internal Revenue Service that a refund is sought for certain years.'" *Arch Engineering Co., Inc. v. United States*, 783 F.2d 190, 192 (Fed.Cir.1986). *See Barenfeld v. United States*, 442 F.2d 371, 375, 194 Ct.Cl. 903 (1971); *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920, 162 Ct.Cl. 106 (1963).

> It is not enough that the Service have in its possession information from which it might deduce that the taxpayer is entitled to, or might desire, a refund; nor is it sufficient that a claim involving the same ground has been filed for another year or by a different taxpayer. On the other hand, the writing should not be given a crabbed or literal reading, ignoring all the surrounding circumstances which give it body and content. The focus is on the claim as a whole, not merely the written component. In addition to the writing and some form of request for a refund, the only essential is that there be made available sufficient information as to the tax and the year to enable the Internal Revenue Service to commence, if it wishes, an examination into the claim.

*American Radiator*, 318 F.2d at 920.

In this action, all the surrounding circumstances favor Mills' position. First, the

---

prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit is filed by the taxpayer within such period.

*Id.* § 6511(b)(1).

Form 941–C that ISC filed met the requirements of a written refund notice which apprises the IRS that a FICA refund is sought for particular years. In particular, the form directly provided the IRS with information not only about ISC's claim but also about Mills' identity, social security number, and the erroneous FICA tax payments made on his behalf. Thus, the IRS had explicit notice that excess FICA contributions were made on Mills' behalf to which Mills was entitled. Under the FICA statutory system, this constitutes "sufficient information as to the tax and the year to enable the Internal Revenue Service to commence, if it wishes, an examination into the claim." The IRS should have made inquiry into ISC's failure to properly complete Form 971–A; it cannot now use its neglect and waiver of its own regulations and forms to claim it was without notice of Mills' informal claim.

Second, the fact that the IRS processed the form despite ISC having crossed out the "Signature and Certification" section supports Mills' position that he had no way of knowing of his entitlement to a FICA refund. The purpose of the certification section is to consolidate FICA refund requests into a single form which the employer submits to the IRS for ease in processing. Proper completion of the form also informs affected employees of their entitlement to FICA overpayments. Both ISC and the IRS thwarted the purpose of the certification section in this action—their disregard for this certification section amounts to a disregard of Mills' entitlement to a FICA refund. As Mills points out, employees simply have no way of discovering a FICA overpayment unless their employer properly complies with Form 971–A or an employee "takes the absurd step of requesting a Statement of Earnings each year from the SSA."

We conclude that an employer's FICA claim is sufficient notice to toll the statute of limitations for an employee, such as Mills, who was not informed of his entitlement to a refund due to the employer's and the IRS's disregard of the "Signature and Certification" section on Form 941–C. The Form 941–C which ISC filed was sufficient to constitute informal notice of Mills' claim for a refund of his share of the FICA contributions. We note that the instant action is distinguishable from case law which involves taxpayers with *separate* tax accounts. *See Barenfeld v. United States,* 442 F.2d 371, 194 Ct.Cl. 903 (1971); *Rosengarten v. United States,* 181 F.Supp. 275, 149 Ct.Cl. 287, *cert. denied,* 364 U.S. 822, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960). In contrast to the ordinary taxpayer income tax refund action, the FICA statutory system essentially imposes a duty on the employer to act on both its own and its employee's behalf. The statutes require that an employer make contributions on both its own and the employee's behalf to a *single* account. An employer's proper completion and filing of Form 941–C similarly envisions the imposition of a dual duty on the employer to act on both its own and an employee's behalf. Thus, when ISC notified the IRS that it was seeking a credit of FICA contributions it made on Mills' behalf, the IRS was placed on notice that Mills was similarly entitled to a refund of his contributions to that account.

In conclusion, we note that our holding is in accord with Rev.Rul. 83–79, 1983–1 Cum. Bull. 346, in which an employer's timely filed protective claim for FICA refunds or credits was held to also protect its employees' individual FICA claims which were later filed after the limitations period had expired. In contrast, the employer here failed to properly comply with IRS regulations. Thus, it would make little sense to permit employees whose employer acted responsibly to file belated claims but disallow claims by an employee whose employer (and the IRS) disregarded IRS rules and regulations. We therefore hold that the district court erred in determining that the IRS had not received sufficient notice to toll the statute of limitations. RE-VERSED.