Nabeel SALAH and Nuha Salah, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.*

No. 00–2132.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001.**

Decided March 29, 2001.

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, Hon. DIANE P. WOOD, Circuit Judges.

ORDER

Nabeel and Nuha Salah filed a refund suit to recover income tax overpayments

* The Salahs improperly named the Internal Revenue Service as the defendant in this case. The proper defendant is the United States. I .R.C. § 7422(f)(1). Therefore, we have substituted the United States for the Internal Revenue Service. *Id.* § 7422(f)(2).

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

totaling $22,332 for tax years 1983 and 1987. The district court dismissed the suit for lack of jurisdiction, finding that the Salahs had not filed a timely refund claim. See I.R.C. §§ 7422(a), 6511(a). We vacate and remand.

The Salahs allege the following in their complaint. The IRS assessed income tax deficiencies against the Salahs for tax years 1983 and 1987. The IRS collected the deficiencies over a 15-year period (the Salahs say from 1983 to 1998) by levying their bank account, garnishing their wages, and crediting income tax overpayments for other tax years. Every time funds were exacted, the Salahs would "write and/or call to complain about it," but the IRS ignored their "continuous objections [and] appeals." After "extensive objections, appeals, calls, correspondence, and meetings" with the IRS, the Salahs thought that they had achieved a significant breakthrough. In February 1999 the IRS notified the Salahs that they had indeed overpaid their income taxes and that refund checks of $17,484 for tax year 1983 and $5848 for tax year 1987 were on the way. That victory, however, was short-lived. Two months later the IRS notified the Salahs that it had disallowed their refund claim for 1983 in its entirety and had allowed only $4103 of their refund claim for 1987. Both notices included basically the same explanation for the disallowance: a refund claim cannot be filed more than three years after filing the return or two years after paying the tax, whichever is later. These notices reflect January 21, 1999, as the "Date Claim Received." The Salahs then filed this suit on April 28, 1999.

The government moved to dismiss the complaint for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. It maintained that the Salahs had entirely failed to allege that they filed a refund claim within three years of filing the relevant returns or within two years of paying the tax. See I.R.C. § 6511(a). The government further asserted that the Salahs' complaint and the attached IRS notices and letters showed that they had not filed a refund claim until January 21, 1999, and that their claim was untimely. The government did not address the Salahs' allegation in the complaint that there had been "extensive objections, appeals, calls, correspondence, and meetings with IRS [sic]." The district court granted the government's motion—a determination that we review de novo. LaBonte v. United States, 233 F.3d 1049, 1052 (7th Cir. 2000); CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n, 230 F.3d 342, 345-346 (7th Cir.2000).

We begin by noting that there are two ways in which a party might make a jurisdictional challenge under Rule 12(b)(1): a challenge as a matter of law, in which the factual allegations of the complaint are assumed to be true, and a challenge to the jurisdictional facts on which the complaint relies. A legal attack, as the name suggests, challenges the sufficiency of the complaint's jurisdictional allegations. Garcia v. Copenhaver, Bell, & Assocs., 104 F.3d 1256, 1261 (11th Cir.1997); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994). A ruling on a legal challenge is fairly straightforward—the court needs only to consider whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Garcia, 104 F.3d at 1261; Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. Unit A 1981). Moreover, the plaintiff enjoys safeguards similar to those used for evaluating a Rule 12(b)(6) motion—the court must accept the factual allegations of the complaint as true and liberally construe them in the plaintiff's favor. Scheur v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Commodity Trend Serv., Inc. v. CFTC, 149 F.3d 679, 685 (7th Cir.1998); Robinson v. Overseas Military

*Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994); *Garcia*, 104 F.3d at 1261; *Ritchie*, 15 F.3d at 598; *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977); 2 *Moore's Federal Practice* § 12.30[4], at 12–38 to 12–39 (3d ed.2000); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 218–19 (1990). A factual attack, on the other hand, questions the facts that are alleged to support subject matter jurisdiction. *Garcia*, 104 F.3d at 1261; *Ritchie*, 15 F.3d at 598; *Titus*, 4 F.3d at 593; *Oaxaca*, 641 F.2d at 391; 2 *Moore's Federal Practice, supra,* § 12.30[4], at 12–39 to 12–40; 5A Wright & Miller, *Federal Practice and Procedure, supra,* § 1350, at 212. There, the plaintiff is not entitled to have any inferences drawn in her favor. *Commodity Trend Serv., Inc.*, 149 F.3d at 685, *Ritchie*, 15 F.3d at 598; *Williamson*, 645 F.2d at 413; *Mortensen*, 549 F.2d at 891. Instead, the court may receive and weigh evidence to determine if jurisdiction exists. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Crawford v. United States*, 796 F.2d 924, 928–29 (7th Cir.1986); *Titus*, 4 F.3d at 593; *Williamson*, 645 F.2d at 412–13; *Mortensen*, 549 F.2d at 891. As we noted in *Crawford,* "[i]f the defendant thinks the court lacks jurisdiction, his proper course is to request an evidentiary hearing on the issue." 796 F.2d at 928.

 Under the Internal Revenue Code a taxpayer may not sue for a refund without first filing a refund claim. I.R.C. § 7422(a). The claim must be filed within three years of filing the return or within two years of paying the tax, whichever is later. I.R.C. § 6511(a). Reading § 7422(a) and § 6511(a) together, the Supreme Court has held that the filing of a refund claim within the time limits established by § 6511(a) is a jurisdictional pre-requisite to a refund suit. *Commissioner v. Lundy*, 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996); *United States v. Dalm*, 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); see *Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir.1994).

 Although the basic requirement for filing a refund claim before proceeding is therefore statutory, Treasury regulations govern the form and substance of the claim. See 26 C.F.R. §§ 301.6402–2(b)(1), 301.6402–3; see also *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619 (1933) ("The line of division must be kept a sharp one between the function of a statute requiring the presentation of a claim within a given period of time, and the function of a regulation making provision as to form."); *BCS Fin. Corp. v. United States*, 118 F.3d 522, 524 (7th Cir.1997). Under the regulations, the IRS may reject claims that do not comply with the form and particularity requirements. See 26 C.F.R. § 301.6402–2(b)(1); *BCS Fin. Corp.*, 118 F.3d at 524. It may not, however, be too finicky, and in some instances informal requests for refunds have sufficed for purposes of I.R.C. § 7422(a). See *Lundy*, 516 U.S. at 251 ("We have previously recognized that even a claim that does not comply with federal regulations might suffice to toll the limitations period ...."); *United States v. Kales*, 314 U.S. 186, 194, 62 S.Ct. 214, 86 L.Ed. 132 (1941); *Memphis Cotton Oil Co.*, 282 U.S. at 67–72; *BCS Fin. Corp.*, 118 F.3d at 524; *Martin v. United States*, 833 F.2d 655, 658–59 (7th Cir.1987); *United States v. Forma*, 42 F.3d 759, 766–67 (2d Cir.1994); *Mills v. United States*, 890 F.2d 1133, 1135 (11th Cir.1989). In *United States v. Kales,* the Supreme Court explained that a notice that fairly advises the IRS of the nature of the taxpayer's claim (which could otherwise be rejected

because it is either "too general" or does not comply with the regulations) is treated as a claim "where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." 314 U.S. at 194. To constitute a "claim" for I.R.C. § 7422(a) purposes, an informal claim must have a written component, and that writing must be sufficient to inform the IRS that the claimant is seeking a refund and to enable the IRS, if it wishes, to conduct an investigation into the claim. *Martin*, 833 F.2d at 660; *Am. Radiator & Standard Sanitary Corp. v. United States*, 162 Ct.Cl. 106, 318 F.2d 915, 920 (Ct.Cl.1963).

The district court apparently thought the government had asserted a factual attack on its jurisdiction, as reflected by its statement that "In ruling on ... a motion [for dismissal pursuant to Rule 12(b)(1)], this Court is not bound to accept as true the allegations of the complaint as to jurisdiction where a party properly raises a *factual* question concerning jurisdiction" (emphasis added). We think that this misconstrued what the government was actually doing, and that the government was really raising a purely legal challenge to the complaint. Either way, however, the Salahs were entitled to more than they received.

As noted, an examination of the government's challenge strongly suggests that it was a legal one. It presented no evidence that called the court's jurisdiction into question, nor did it point to factual allegations in the Salahs' complaint that it wished to contest. Instead, it argued that the Salahs' complaint insufficiently alleged jurisdiction. In other words, the government was saying that even taking the allegations the Salahs presented as true, jurisdiction did not exist as a matter of law. In ruling on this kind of motion, the district court was required to accept the allegations of the Salahs' complaint as true and

liberally construe them in the Salahs' favor.

■ From that perspective, we find the Salahs' complaint sufficient to withstand a legal challenge to the district court's jurisdiction. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the grounds upon which the court's jurisdiction depends," and under this lenient standard, the Salahs' complaint provides at least three bases that support jurisdiction. First, their allegations support the theory that they submitted timely informal written refund claims with the IRS that served to toll the limitations period until they perfected a formal claim on January 21, 1999, assuming that we construe the "Date Claim Received" on the disallowance notices as the date when even the IRS agrees that a formal claim was filed. Although in their complaint the Salahs did not detail the contents of their prior letters to the IRS or provide the relevant dates, it is reasonable to infer that those writings, in conjunction with the January 1999 formal filing, were accepted by the IRS as timely refund claims. After all, it was the IRS itself who told the Salahs in February 1999 that refund checks had already been sent or would be forthcoming. Second, the Salahs' allegations support the alternative theory that they submitted timely informal refund claims, but that, unlike the first scenario, the IRS acted *directly* on those informal claims and determined in February 1999 that the Salahs were entitled to refunds. Here, we can reasonably infer based on the Salahs' allegations that on January 21, 1999, the IRS finally began investigating their informal claims. And by undertaking a merits review, the IRS implicitly waived any objection to the informal nature of the Salahs' writings. See *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 297, 65

S.Ct. 1162, 89 L.Ed. 1619 (1945) ("If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it."); *Goulding v. United States*, 929 F.2d 329, 332 (7th Cir.1991) ("The specificity requirements ... may be waived by the ... IRS, if the IRS has sufficient knowledge of the claim and makes a determination on the merits."). And, finally, the Salahs' complaint could be read to support yet a third theory. If the Salahs had not filed a refund claim until January 21, 1999—as the government assumes—and had been making payments for tax years 1983 and 1987 as late as 1998—a fact the government admitted in answering the Salahs' complaint—then the Salahs had filed a claim within two years of paying taxes for 1983 and 1987. Indeed, the government assumes that the $4103 the IRS said it intended to pay reflected monies received within two years of their filing of the refund claim.

If, despite the absence of any factual challenge to the Salahs' complaint in the government's motion, the district court thought that it was facing a factual dispute, it should have alerted the Salahs to the need to present whatever documentation they could muster to show that they had indeed filed written claims with the IRS in a timely manner. *Cf. Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The Salahs have attached numerous documents to their brief in this court that purport to be photocopies of written complaints they sent to the IRS beginning as early as April 4, 1985. A document from Nabeel Salah dated June 1, 1986, unequivocally complains about collections the IRS is making, asserts that the Salahs owe no money, and asks for resolution of the problem. While we agree with the government that these documents may not presently be part of the record, it is permissible for parties to show how they were prejudiced by a failure to follow proper procedures for resolving evidentiary matters. It will be up to the district court on remand to decide whether these documents are authentic, whether they or others the Salahs may proffer satisfy the requirements of I.R.C. § 7422(a) and the associated regulations, and to proceed with the case if it concludes that jurisdiction is proper. For now, we are satisfied that the Salahs said enough to survive the government's motion to dismiss.

VACATED AND REMANDED.