108 T.C. No. 4

UNITED STATES TAX COURT

ESTATE OF MARY K. WETHERINGTON, DECEASED,
MARY LOUISE RIPPLE, PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19235-94.             Filed February 10, 1997.

        R extended the time for P to pay estate
    tax under sec. 6161(a), I.R.C.  P filed a
    request for further extension of time to pay
    tax under sec. 6161(a), I.R.C., which is now
    pending with the Commissioner.  P moved to
    delay entry of decision until an extension of
    time to pay tax under sec. 6161(a), I.R.C.,
    no longer applies.

        Held, under the rationale of Estate of
    Bailly v. Commissioner, 81 T.C. 949 (1983),
    we will delay entry of decision until P's
    extension of time to pay tax under sec. 6161,
    I.R.C., is no longer in effect.

Debra K. Smietanski, for petitioner.

James F. Kearney, for respondent.

OPINION

COLVIN, Judge:  This matter is before the Court on petitioner's Motion to Stay Proceedings.  In the motion, petitioner asks the Court to postpone entry of decision until either (1) An extension of time to pay petitioner's Federal estate tax under section 6161(a) is no longer in effect and any appeal of respondent's denial of an extension is final, or (2) petitioner fully pays its outstanding Federal tax liability and related interest, whichever happens first.  The parties agree that, if we grant the motion, petitioner may deduct interest that it would not be allowed to deduct if we had entered a decision. Sec. 6512(a).

We conclude that it is appropriate to delay entry of decision until an extension of time for the payment of petitioner's estate tax under section 6161 is no longer in effect and any administrative appeal of respondent's denial of such an extension is final, or until petitioner fully pays its Federal tax liability and related interest, whichever occurs first.

This is a case of first impression.  However, in a related context, we delayed entry of decision where the taxpayer elected to defer payment of estate tax for 10 years under section 6166. Estate of Bailly v. Commissioner, 81 T.C. 949 (1983).

Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Mary K. Wetherington (decedent) died on April 8, 1990. Her estate consisted almost exclusively of agricultural real property in Hillsborough County, Florida. Petitioner filed decedent's estate tax return on September 9, 1991. Petitioner paid Federal estate tax of $61,000 on April 2, 1991, and $97,793.77 on August 18, 1992.

On March 3, 1995, petitioner sold part of decedent's real property. Petitioner paid estate taxes of $498,321.93 on March 6, 1995.

Under section 6161(a)(1), the Secretary may extend the time in which a taxpayer must pay estate tax for up to 12 months. Under section 6161(a)(2), the Secretary may grant an extension, for reasonable cause, up to 10 years from the due date of the return.

Respondent extended the time for petitioner to pay estate tax under section 6161(a) for 1 year, and possibly for a second year, because petitioner's assets were not liquid, and petitioner could not pay the balance due. Petitioner applied for a further extension under section 6161(a), which is pending as of December 18, 1996.

Respondent determined a deficiency in estate tax. Petitioner filed a petition to contest that determination. The parties have settled all issues in this case (except those in the motion before us). Petitioner had no deficiency or overpayment. Petitioner owed $98,707.93 of the tax shown on the return plus interest of $292,878.72 when petitioner filed this motion.

## Discussion

### A. Background

#### 1. Sections 6161 and 6166

A taxpayer generally may deduct interest on unpaid Federal and State estate taxes from the gross estate as an expense of administration. Sec. 2053(a). Interest may accrue on unpaid estate taxes because the estate has an extension of time to pay tax under section 6166 or section 6161(a). An executor may elect to pay estate tax in 10 equal installments, starting at the end of a 5-year period during which only interest is payable, if a closely held business constitutes more than 35 percent of the adjusted gross estate. Sec. 6166(a)(1). Petitioner did not make an election under section 6166. The Secretary may extend the time in which a taxpayer is required to pay estate tax (up to 12 months) if there is reasonable cause under section 6161(a)(1) and the accompanying regulations.[1] Under section 6161(a)(2), the

---

[1]Sec. 6161(a) provides:

(continued...)

Secretary may grant an extension, for reasonable cause, up to 10 years from the due date of the return. Interest which arises because the Secretary permitted a deferred payment of Federal estate tax under section 6161(a) is deductible from the gross estate as an administrative expense under section 2053(a)(2). Estate of Bahr v. Commissioner, 68 T.C. 74, 83 (1977) (Court reviewed).

---

[1](...continued)
Sec. 6161. EXTENSION OF TIME FOR PAYING TAX.

(a) Amount Determined by Taxpayer on Return.

(1) General rule. The Secretary, except as otherwise provided in this title, may extend the time for payment of the amount of the tax shown or required to be shown, on any return or declaration required under authority of this title (or any installment thereof), for a reasonable period not to exceed 6 months (12 months in the case of estate tax) from the date fixed for payment thereof. Such extension may exceed 6 months in the case of a taxpayer who is abroad.

(2) Estate tax. The Secretary may, for reasonable cause, extend the time for payment of--

(A) any part of the amount determined by the executor as the tax imposed by chapter 11, or

(B) any part of any installment under section 6166 (including any part of a deficiency prorated to any installment under such section),

for a reasonable period not in excess of 10 years from the date prescribed by section 6151(a) for payment of the tax (or, in the case of an amount referred to in subparagraph (B), if later, not beyond the date which is 12 months after the due date for the last installment).

2.  Deduction of Interest Paid on Estate Taxes Deferred Under Section 6166

A taxpayer may not deduct interest paid or incurred after entry of a decision, sec. 6512(a), Estate of Bailly v. Commissioner, 81 T.C. at 954, unless section 7481(d) (discussed below) applies. The taxpayer in Estate of Bailly v. Commissioner, supra, elected to pay estate tax in 10 annual installments under section 6166. We delayed entry of decision in that case to allow the taxpayer to deduct interest on the tax. Id. at 958. Section 6512(a) would have prevented the taxpayer from deducting interest it paid after our decision became final. In Estate of Bailly v. Commissioner, supra, we said that we were troubled by the harshness of section 6512(a) with respect to estate tax cases. We agreed, in the interest of fairness and justice, to postpone entry of decision until the final installment of the estate tax liability is due, or paid, whichever is earlier.

Section 7481(d) was enacted in 1988 in response to Estate of Bailly v. Commissioner, supra. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 102-647, sec. 6247, 100 Stat. 3342, 3751-3752. Under section 7481(d), a taxpayer may move to reopen a case to which an extension of time to pay estate tax under section 6166 applies to ask the Court to modify the amount of the estate's deduction for interest. See Rule 262.

B.  Contentions of the Parties

Petitioner asks the Court to postpone entry of decision until: (1) An extension of time to pay petitioner's Federal estate tax under section 6161(a) is no longer in effect and appeal of respondent's denial of an extension is final, or (2) petitioner pays estate tax and interest it owes, whichever is earlier. Petitioner contends this situation is analogous to that in Estate of Bailly v. Commissioner, supra.

Respondent contends: (1) This case is not like Estate of Bailly because no extension of time to pay tax is now in effect; (2) granting petitioner's motion would prevent respondent from reviewing the facts and circumstances to determine whether a hardship under section 6161 is present; and (3) Congress considered section 6161(a) when enacting section 7481(d), but did not provide a remedy for petitioner's situation. Respondent points out that if we delay entry of decision, petitioner can deduct interest, the deduction of which would otherwise be precluded by entry of decision under section 6512(a). Neither party questions the Court's power to postpone entry of decision in this case.

1. Effect of the Fact That Petitioner's Request to Continue To Defer Tax Under Section 6161 Is Pending With The Commissioner

Respondent contends this situation is unlike that in Estate of Bailly v. Commissioner, supra, because no extension of time to pay tax under section 6161(a) is now in effect. We disagree.

Respondent has previously granted an extension under section 6161(a). According to our record, petitioner's request for a further extension is now pending.

Respondent contends that we should not delay entry of decision because it would enable petitioner to deduct interest that it could not otherwise deduct. We disagree with respondent's view that such a result is improper. Section 6161(a), like section 6166, can result in an extension of time for a taxpayer to pay estate tax. We believe the situation in this case is analogous to that in <u>Estate of Bailly v. Commissioner</u>, <u>supra</u>.

We distinguish this case from <u>Estate of Nevelson v. Commissioner</u>, T.C. Memo. 1996-361, because there petitioners asked the Court to delay entry of decision more than 5 years past the date the parties had agreed to file a stipulated decision. Here, the parties have not agreed to a date to file a stipulated decision.

2. <u>Whether Granting Petitioner's Motion Would Interfere With Respondent's Exercise of Discretion Under Section 6161</u>

Section 6161(a) gives the Commissioner discretion to grant a taxpayer's request for extension of time to pay taxes. Respondent contends that granting petitioner's motion would eliminate that discretion. We disagree. Our granting of this

motion would not affect respondent's discretion to act on a taxpayer's request to defer payment of tax under section 6161(a).

### 3. Congressional Intent

Respondent contends that we should deny petitioner's motion because Congress considered section 6161(a) extensions when enacting section 7481(d), but did not provide a remedy for petitioner's situation. We disagree. There is no indication in the conference report accompanying the enactment in 1988 of section 7481(d) that Congress considered (much less rejected) extending it to section 6161(a). H. Conf. Rept. 100-1104, at 232-233 (1988), 1988-3 C.B. 473, 722-723. Respondent points to no other authority for that assertion.

### C. Conclusion

We will not enter decision until an extension of time for the payment of petitioner's estate tax under section 6161 is no longer in effect and any administrative appeal of respondent's denial of petitioner's request for an extension is final, see section 20.6161-1(b), Estate Tax Regs., or until petitioner fully pays its outstanding Federal tax liability and related interest, whichever occurs first. The parties shall report to the Court when those conditions are met.

An appropriate Order

will be issued.