T.C. Memo. 1999-307


UNITED STATES TAX COURT


ESTATE OF DELORES E. LASARZIG, DECEASED,
WELLS FARGO BANK, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17956-97.          Filed September 16, 1999.


        P moved to stay the proceedings (delay entry of
decision) for up to 20 years so that the estate's
beneficiaries, who were already in possession of the
estate's assets, could borrow against, as opposed to
selling, the assets because the beneficiaries believed
that market conditions were unfavorable.  The delay was
to permit the deduction of interest on a loan incurred
by the estate's beneficiaries (or by their trusts) in
order to pay the estate tax owed by the estate.  In all
other respects, the parties had agreed on all of the
issues raised, and a decision could be entered.  At the
time of P's motion the estate tax liability had been
paid.  R objects to P's motion on the ground that the
interest in question is not deductible by the estate
under sec. 2053, I.R.C., and the underlying
regulations.
        <u>Held</u>:  P's motion is denied because of failure to
show entitlement to interest deductions under sec.
2053, I.R.C.  Estate tax cases involving borrowing to

pay estate tax and involving delay in entry of decision reviewed.


Gregory Arnold and John W. Ambrecht, for petitioner.

Donna F. Herbert, for respondent.


## MEMORANDUM OPINION

GERBER, Judge:  Petitioner moved to stay the proceedings (delay entry of decision) in order to be able, under section 2053,[1] to deduct interest on a loan that was incurred to pay the estate tax.  Petitioner also seeks to deduct the attorney's and trustee's fees incurred in the pursuit of resolving the stay/interest issue.[2]  The interest is payable over 20 years. Although there is no objection to the deduction of the fees, respondent objects to the deduction of the interest because "Petitioner has not proven or demonstrated that the interest expense which it seeks to deduct over a twenty year time period is properly deductible under the Internal Revenue Code."

---

[1]  Section references are to the Internal Revenue Code as amended and in effect for the period under consideration.

[2]  With the exception of the current controversy, all other issues have been agreed on by the parties. The estate tax liability has been paid, and this case is ready to be finalized by the entry of a decision.  Petitioner claims that the allowance of deductions for the interest in question will result in a refund of estate tax already paid.

Background

Delores E. Lasarzig (decedent) died on March 14, 1993, and her gross estate primarily consisted of interests in two trusts. One trust was decedent's living trust, and the other was a qualified terminal interest property (QTIP) trust established under decedent's predeceased husband's will. Other than the two trusts, decedent's sole assets were those that had been in her conservatorship estate prior to death. The estate was granted a 6-month extension to June 14, 1994, for payment of the Federal estate tax. The estate had paid $500,000 with the first request for extension and estimated that a $3,151,785 estate tax was due. Because the estate had a $2,735,537 cash shortfall, a second extension was requested, and, at the time of the request, another $416,248 in tax plus $14,784 interest was paid. By means of an October 13, 1994, letter, respondent denied the estate's request for a second extension.

The estate administratively appealed respondent's denial, explaining that the estate involved two trusts, a family trust and a QTIP testamentary trust established under decedent's late husband's will. The family trust had paid its portion of the estate tax, but the QTIP trust was unable to pay currently its remaining share ($2,700,275). The QTIP trust had sold all of its assets with the exception of three parcels of realty. One property, an automobile service station, was chemically

contaminated, affecting its marketability.  The other two properties had been leased to a third party who had developed them into a shopping center.  It appears that the shopping center properties were the most significant assets held in the QTIP trust and the only potential source for the payment of the QTIP's agreed portion of the estate tax liability.  The estate explained to respondent that because of a depressed real estate market and for various other reasons these properties were not expected to "bring a very good price" at that time.  On November 15, 1994, respondent approved a second extension to June 14, 1995.

Thereafter, on September 27, 1995, the QTIP trustee distributed the two shopping center parcels to decedent's beneficiaries as tenants in common, who in turn transferred the property to the beneficiaries' respective personal family trusts. The trustees of the personal family trusts and the beneficiaries of decedent's estate are the same persons (the children of decedent).  The personal family trust of each beneficiary was separate from the two trusts that made up the bulk of the estate's assets.  The estate's request for a third extension was filed and denied during 1995, and in the appeal it was explained that the service station was under contract whereby it would be sold, and the transaction was expected to close in about 60 days. Respondent granted the third extension until June 14, 1996.

On June 12, 1996, and December 30, 1997, fourth and fifth extensions were requested and granted until January 31, 1997, and December 30, 1998, respectively. All five extensions were granted pursuant to respondent's discretionary authority under section 6161(a). On December 3, 1998, respondent served Stewart Title Co. a notice of lien for the estate's tax liability with respect to the shopping center properties. On December 31, 1998, the balance of the outstanding estate tax liability was paid with the proceeds of a loan secured on a parcel of the shopping center property. The loan was for 20 years with 7-percent interest and a $26,361 monthly payment. The borrowers were the personal family trusts of the beneficiaries. The borrowers may prepay the loan after the third year, and the lender has the option to accelerate the outstanding balance after 10 years if certain conditions exist at that time. The term of the loan will end December 30, 2018. We assume that to the extent the estate is paying the interest on the loan, such payment is on behalf of or to reimburse the beneficiaries' family trusts.

Discussion

The threshold question underlying the parties' controversy is whether, under the circumstances of this case, the interest on debt obtained to pay estate tax is an expense of administration of the estate within the meaning of section 2053(a). The parties interpret the existing case law as favoring their respective

positions. Petitioner's argument is that the circumstances of this case should logically be allowed as a natural extension of the existing precedent. Respondent's argument is that the interest being paid here is not being incurred in the administration of the estate and, in addition, that petitioner has not shown that it is allowable under local law.

The parties agree that the interest here is an otherwise nondeductible personal obligation that could not have been claimed by the trustee/beneficiaries or their respective family trusts, which obtained the loan. Both parties also agree that, under appropriate circumstances, an otherwise nondeductible interest expense may be deductible as an administration expense in an estate tax setting. Finally, respondent also agrees that "an estate may [,under certain circumstances,] borrow money from a private lender to satisfy its Federal estate tax liability and deduct the interest on the debt as an administration expense under section 2053". Accordingly, we consider whether the interest paid is deductible under section 2053. If we decide that the interest is deductible, then we must decide whether it would be appropriate to permit this proceeding to be stayed for as long as 20 years to permit the payment and deduction of the interest before entry of a decision.

To be deductible under section 2053, expenditures must be actually and necessarily incurred in the administration of the

estate and allowable under local law.  Section 20.2053-3(a),

Estate Tax Regs., provides the following interpretation of the

above-stated requirement:

> The amounts deductible from a decedent's gross estate as "administration expenses" * * * are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries or to a trustee * * *.  Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions.  * * *

Further explanation is provided in section 20.2053-8(b), Estate

Tax Regs., as follows:

> The only expenses in administering property not subject to claims which are allowed as deductions are those occasioned by the decedent's death and incurred in settling the decedent's interest in the property or vesting good title to the property in the beneficiaries.  Expenses not coming within the description in the preceding sentence but incurred on behalf of the transferees are not deductible.

Respondent argues that the last sentence of each of the

above-quoted regulations should govern the situation in this

case.  Respondent reasons that the loan proceeds used to pay the

estate tax were "attributable" to assets in or associated with a

QTIP trust.  Because the QTIP trust is not subject to the probate

of the estate, section 2053(b) and section 20.2053-8(b), Estate

Tax Regs., govern this situation and prohibit the deduction of

the interest as an administrative expense of the estate. In this regard, we note that the trusts that now hold the shopping center property are unrelated to the estate and to the two trusts that made up the bulk of the estate's assets.

Respondent emphasizes the following facts in this case that he contends support a holding that the interest would not be deductible under section 2053: (1) The real estate securing the loans in question was transferred to and is under the control of the beneficiaries; (2) the beneficiaries' trusts, not the estate, chose to secure a loan in 1998 rather than to sell the realty because of their dissatisfaction with market conditions; (3) the estate and the underlying trust have already benefited from five extensions of the time for payment of the estate tax, two before the property transfer to the beneficiaries' trusts and three after the transfer; (4) at the end of the extension period permitted by respondent, it was the trustees of unrelated trusts who made the choice to borrow to pay the estate tax, rather than to sell the property; and (5) the loan is secured by property not held by the estate and is payable over 20 years. These factors, contends respondent, indicate that petitioner has not established that the decision to borrow was necessary to the administration of the estate.

Petitioner, in an attempt to reconcile respondent's contentions, makes the following points: (1) The QTIP trust had

sold all of its assets, with the exception of the shopping center parcels, so it did not unreasonably refuse to sell assets; (2) it is not impermissible for an estate to incur expense (in this case interest) to preserve property for the benefit of the beneficiaries; (3) the loan was secured in order to vest good title in the beneficiaries because the proceeds were used to pay off the estate tax and remove the Government's lien from the shopping center realty; (4) because the shopping center property had a value of more than double the outstanding tax liability, it would have been necessary to sell only a fractional interest and a severe discount would have resulted.  If the entire property had been sold, the expenses of sale would have had to be borne by the portion that did not go to pay the estate tax, as well as the portion that was used for that purpose; (5) the trustee/beneficiaries believed that the shopping center would increase in value and they should be allowed to borrow against, as opposed to selling, the property; and (6) the situation here is analogous to that of a trust holding a family farm for which sections 2032A and 2057 permit the type of relief petitioner seeks.  Those estate tax provisions indicate a general congressional intent to preserve estates' interests in certain family-owned businesses.

Although we consider the cases cited by the parties in order to reach our conclusion, the parties' interpretations of the cases appear generally to favor the allowance of the deduction of

interest on a loan to an estate to pay estate tax. As we have explained, the fundamental question we must answer here is whether, under the circumstances of this case, the estate is entitled to deduct the interest expense pursuant to section 2053. We conclude and hold that petitioner has not shown, within the meaning of section 2053 and the underlying regulations, that it is entitled to deduct the interest expense in question.

First, the case precedent petitioner relies on in support of its interest deduction involved circumstances where the expense (interest) was incurred during the administration of the estate and before the resolution of the tax controversy.[3] Petitioner seeks to keep this case open for up to 20 years after the parties have resolved all controversies that were initially placed in issue. Second, after several extensions of time, the QTIP trust, in 1995, transferred the shopping center property to the beneficiaries who, in turn, transferred the property to their family trusts, of which they were the trustees. In this regard, petitioner's contentions that the QTIP trust did not unreasonably delay are irrelevant.

The QTIP trust was obligated to pay its share of the Federal estate tax over to the estate and failed to do so because the QTIP trustee (who was also a beneficiary of the estate) made the

---

[3] A more complete discussion of the cases appears later in this opinion.

decision that the value of the realty was depressed, and it was not a good time to liquidate.  Instead, the realty was distributed to the beneficiaries, and they placed the property into their own family trusts.  Thereafter, the beneficiaries continued to believe that market conditions were not right, and so they borrowed (through their family trusts) the money to pay the QTIP's share of the estate's tax burden.[4]  Respondent had filed a notice of his lien in 1998, and the lien was satisfied from the proceeds of the beneficiaries' family trusts' loan at the loan settlement/closing.  After the payment of the outstanding estate tax liability, there remained no disputes concerning the estate tax liability that had been reported on the estate's return.  Likewise, at that juncture, there remained no assets in the estate to administer on behalf of or to distribute to the estate's beneficiaries.  Under these facts, it is difficult to see how the estate could meet the requirement of section 2053 and the underlying regulations.

Although we have found that petitioner has not shown that the interest on the loan meets the statutory requirements, we

---

[4]  We note that it is within respondent's discretion, as provided by Congress in sec. 6161, to extend the period for payment of the tax for up to 10 years.  In that regard, under the circumstances of this case, respondent was not unreasonable in the exercise of his discretion.  Respondent granted five extensions, and the payment of the tax was delayed for about 5 years, which seems to be a sufficient time to raise the funds to pay an agreed tax obligation.

review the cases cited by the parties in order to complete our review of the parties' arguments. Petitioner's argument relies on a number of cases where this Court addressed the question of whether a Tax Court proceeding could be prolonged or extended to accommodate various types of deductions sought by taxpayers (usually estates). In Estate of Bahr v. Commissioner, 68 T.C. 74 (1977), the Court considered a question analogous to the one under consideration. That case involved the question of whether the Bahr estate was entitled to deduct (under section 2053) estate tax interest being paid to the Federal Government under the deferred payment provisions of section 6161. In holding that such interest was deductible as an administration expense under section 2053(a)(2), the Court focused on the question of whether interest on tax liability is, in effect, part of the tax. If so, it was unquestioned that the estate tax was not deductible. However, the Court agreed with earlier cases that had held that the "'interest on a tax is not a tax, but something in addition to a tax.'" Id. at 79-80 (quoting Capital Bldg. & Loan Association v. Commissioner, 23 B.T.A. 848, 849 (1931), and Pearson v. Commissioner, 4 T.C. 218 (1944), affd. 154 F.2d 256 (3d Cir. 1946)). Under the circumstances of that case, the interest was otherwise deductible because it met the requirements of section 2053. Petitioner focuses on Estate of Bahr v. Commissioner, supra, because, ultimately, the Court permitted the

estate to deduct "projected interest payments" it had claimed.
Id. at 83.[5]  The Estate of Bahr case, however, involved a
situation where the taxpayer (estate) was paying interest to the
Government pursuant to the Commissioner's approval to permit the
Bahr estate to defer payment under section 6161.  That is not the
situation here.  Respondent, after a succession of five
extensions, filed a lien, and the tax was paid.  It is after the
payment, not during its deferral, that petitioner seeks to deduct
interest incurred by the beneficiaries and/or their own family
trusts because of their choice to hold the property for
appreciation and, instead, borrow against it to meet their
obligation to pay an agreed estate tax liability.

Petitioner asks us to use Estate of Bahr v. Commissioner,
supra, as a platform from which to extend relief to it.  Although
this Court has accommodated taxpayers in circumstances where
their delay was either approved by the Commissioner or
statutorily mandated,[6] it is not within our province to create a

_____

[5]  Petitioner has argued that if we do not permit the stay
of these proceedings for the requested period (up to 20 years),
that it should be able to deduct a present value estimate of the
interest.  In that regard, respondent has indicated that it would
be impossible to estimate the interest because the loan could be
prepaid and/or the lender could, under certain circumstances
accelerate the outstanding balance.

[6]  See, e.g., Estate of Wetherington v. Commissioner, 108
T.C. 49 (1997), where this Court deferred entry of decision
during the pendency of the Commissioner's consideration of
(continued...)

remedy that is clearly within the province of Congress. There has been no case like the present one where: (1) The parties have resolved the estate tax liability by agreement; (2) no section 6161 extension is in effect or application pending; (3) no deferred payment under section 6166 is in effect; and (4) the taxpayer seeks an extended delay (up to 20 years) so that a nonparty (family trusts of beneficiaries) can benefit from improved market conditions that may or may not occur.

The result in the Estate of Bahr case was distinguished in Estate of Bailly v. Commissioner, 81 T.C. 246 (1983) (Bailly I), where the Court noted that in Estate of Bahr the interest rate was constant, whereas in Bailly I the interest rate fluctuated (from 6 to 20 percent). Because the amount of interest on an estate tax liability could not be estimated with reasonable certainty, in Bailly I the estate was not allowed to deduct the estimated or future payments of interest. In Bailly I, the Court also refused to permit relief to the estate by allowing it to vary from the Commissioner's procedure of the filing of an

_____

[6](...continued)
whether to permit an extension under sec. 6161. In that case, the Court specifically noted that the circumstances were different from one where the parties had agreed to a stipulated decision, and a 5-year delay was sought and denied. See Estate of Nevelson v. Commissioner, T.C. Memo. 1996-361. The Court also noted that "the parties have not agreed to a date to file a stipulated decision." Estate of Wetherington v. Commissioner, supra at 53.

amended estate tax return and claiming a refund, ostensibly in another Federal tax forum.

The Bailly estate moved for reconsideration of the holding in Bailly I, seeking to have this Court defer entry of a decision so as to permit payments under section 6166 and, after the payments were completed, to then enter a decision reflecting the interest that had been paid. In Estate of Bailly v. Commissioner, 81 T.C. 949 (1983) (Bailly II), the relief was granted to the estate, in that it was held that the entry of decision was to be postponed or deferred until the final installment of tax was due or paid, whichever occurred first. An unpaid estate tax liability and its deferral are not elements present in the circumstances presently before the Court. It is noted that in Bailly II the Commissioner had no objection to the delay in entry of decision until the taxpayer completed the payments under section 6166. The Court in Bailly II expressed concerns about inconvenience, hardship, and administrative expense to the Court and the parties, suggesting that a legislative solution was needed. After the issuance of the Bailly II opinion, Congress enacted section 7481(d), which, effectively, permits this Court to reopen section 6166 cases to consider interest issues after a decision has been entered.

Subsequently, in Estate of Wetherington v. Commissioner, 108 T.C. 49 (1997), the practice of delaying entry of decision was

extended to section 6161 situations were the estates are given additional time to pay the estate tax liability and interest accrues in the same manner as in the section 6166 situations.

Petitioner argues that the facts in this case present an opportunity for a logical extension of the practice of delaying decisions to permit the deduction of interest that has been permitted for sections 6166 and 6161 situations. Petitioner contends that the only difference[7] between Estate of Bailly and Estate of Wetherington and this case is that in the prior cases the estates were, in effect, borrowing from the Government and here the borrowing is from a private source. As to that point, petitioner refers to Estate of Bahr v. Commissioner, 68 T.C. 74 (1977), where the Court permitted interest deductions for the estate's borrowing from a private source to pay the estate tax liability. Respondent addresses petitioner's arguments by explaining that, unlike Estate of Bahr v. Commissioner, supra, here the estate did not borrow to pay its estate tax liability. Instead, the loan proceeds were obtained by the family trusts of the trustee/beneficiaries. As we have already found, petitioner

---

[7] Another substantial difference is that prior cases involved situations where the taxpayer was either permitted to extend, in the process of seeking extension, or making deferred payments under statutory provisions where Congress had provided specific relief, an element clearly lacking in our factual situation.

has not shown entitlement to the interest deduction under section 2053. Accordingly, respondent's argument is well taken.

In the same vein, the parties each relied on Estate of Todd v. Commissioner, 57 T.C. 288 (1971), and Estate of Huntington v. Commissioner, 36 B.T.A. 698 (1937). Those cases involved situations where estates were permitted to deduct the interest on borrowing to pay the estate tax. Respondent agrees that under certain circumstances an estate is entitled to deduct interest on a loan used to pay estate tax. Respondent, however, points out that it was the estate that borrowed in those cases and that petitioner has not shown entitlement to a section 2053 deduction. Respondent further points out that in Estate of Huntington, the Board referenced the fact that the loan transactions were sanctioned by the California State probate court, which found the loans to be for the benefit of the estate. We observe that in Estate of Huntington the Board also noted that at all times the individuals who incurred the related expenses were acting in their capacity as executors.

In Estate of Todd v. Commissioner, supra, the Court noted that Texas law granted the estate fiduciary authority to borrow funds for payment of Federal estate and State inheritance taxes. See id. at 294. The Court, in Estate of Todd, also found it important that because the estate did not have any liquid assets, the estate borrowed to pay its estate tax. In sum, these cases

presented factual circumstances where the estates met the requirement of section 2053 or its predecessor sections. Petitioner cites a few other cases where estates were allowed to deduct interest or sell assets because of a lack of liquidity, but in each instance, unlike the circumstances we confront, the entity borrowing funds or selling assets was the estate.

Finally, petitioner, in response to respondent's argument that petitioner has not shown that the interest here would be allowable under State law, refers us to California trust law at probate code section 16241, which provides: "The trustee has the power to borrow money for any trust purpose to be repaid from trust property." Cal. Prob. Code sec. 16241 (West 1991). Petitioner contends that the above language unambiguously permits the trustees to borrow for any trust purpose. Petitioner, however, misses the point. The trusts petitioner references are the family trusts of the beneficiaries. Those family trusts were the recipients of the shopping center property after the property had first been distributed from the QTIP trust to the beneficiaries. Although the QTIP trust, created in decedent's husband's will, did have a nexus to decedent's estate because the value of the assets was part of the gross estate, the family trusts of the beneficiaries are merely their personal instrumentalities of which they are the respective trustees. For those trusts to borrow funds to pay off the QTIP's obligation for

the estate tax is far removed from the administration of the estate, which was without assets to pay the liability and which, accordingly, did not require any further administration or expense thereof. Moreover, the estate tax liability was determined and paid and was only to be affected to the extent that petitioner could show that the interest was allowable under section 2053.

After a review of case precedent and the parties' arguments, we agree with respondent that petitioner has not shown that the interest here is deductible under section 2053. Accordingly, we leave for another day the question of whether 20 years is too long a period to delay entry of decision to accommodate allowable after-occurring deductions of an estate.

To reflect the foregoing,

<u>An appropriate order will be issued.</u>